[No. D053089. Fourth Dist., Div. One. Nov. 23, 2009.]

BARRY S. JAMESON, Plaintiff and Appellant, v.
TADDESE DESTA, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part III.B., C., and D.

## COUNSEL

Barry S. Jameson, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, James J. Wallace II, Lisa Willhelm Cooney and Allison A. Arabian for Defendant and Respondent.

OPINION

AARON, J.—

I.

INTRODUCTION

In April 2002, Barry S. Jameson filed a complaint against Dr. Taddese Desta, alleging numerous claims stemming from Dr. Desta's allegedly negligent medical treatment of Jameson while Jameson was incarcerated at the Richard J. Donovan Correctional Facility. In September 2005, the trial court granted Dr. Desta's motion to dismiss the case for lack of prosecution on the ground that Jameson had not diligently served Dr. Desta with a summons and complaint. In a prior appeal, this court concluded that the trial court erred in dismissing the action for lack of diligent service. (*Jameson v. Desta* (July 2, 2007, D047824), opn. mod. July 26, 2007 [nonpub. opn.] (*Jameson I*).)

On remand, the trial court issued an order authorizing Jameson to appear at court hearings by telephone. The trial court later dismissed the action without prejudice on the ground that Jameson failed to appear telephonically at a case management conference and at a subsequent hearing on an order to show cause. On appeal, Jameson contends that the trial court erred in dismissing the action on this ground.[1] Jameson also contends that the trial court erred on remand in failing to enter a default judgment against Dr. Desta, setting aside a clerk's default, and granting Dr. Desta leave to file a verified answer to Jameson's complaint. In addition, Jameson claims that the trial judge erred in failing to disqualify himself. Finally, Jameson contends that the trial court erred in denying his request to recover $1,500 for paralegal fees as a cost on appeal stemming from *Jameson I*.

An indigent prisoner initiating a bona fide civil action has a "right of meaningful access to the courts to prosecute the action." (*Wantuch v. Davis*

---

[1] Although Jameson stated in his opening brief, "Jameson was not allowed to attend any hearing[s] telephonically," he did not distinctly raise this claim until his reply brief. "Points raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument." (*American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453 [13 Cal.Rptr.2d 432].) However, Dr. Desta fully briefed the issue in his respondent's brief. Accordingly, Jameson's failure to raise the issue in his opening brief did not deprive Dr. Desta of the opportunity to address the issue. We exercise our discretion to consider Jameson's contention, notwithstanding his failure to raise the issue in his opening brief.

(1995) 32 Cal.App.4th 786, 792 [39 Cal.Rptr.2d 47] (*Wantuch*).) Trial courts must therefore "ensure indigent prisoner litigants are afforded meaningful access to the courts . . . ." (*Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468, 1483 [85 Cal.Rptr.3d 127] (*Apollo*).) Among the ways in which meaningful access may be secured is by "conduct[ing] . . . proceedings by telephone." (*Ibid.*) In this case, we conclude that before a trial court may dismiss an action on the ground that an indigent prisoner has failed to appear telephonically at proceedings in the case, the trial court must find, based on facts in the record, that the prisoner has willfully failed to avail himself of the right to appear telephonically.

In the published portion of this opinion, we conclude that the trial court erred in dismissing the action on the ground that Jameson failed to appear telephonically at a case management conference and at a subsequent hearing on an order to show cause. The record clearly indicates that Jameson notified the trial court on numerous occasions that prison personnel were not allowing him to communicate telephonically with the court, yet the record does not indicate that the trial court made any inquiry into Jameson's contentions. Further, the record does not contain any facts demonstrating that Jameson's failure to appear telephonically at the hearings was willful. On the contrary, the record establishes that Jameson repeatedly made clear his desire to participate in all court proceedings and informed the court that he was not being allowed to do so. Under these circumstances, we conclude that the trial court erred in dismissing the action based on Jameson's failure to appear telephonically.

With respect to the remainder of Jameson's contentions, in the unpublished portions of this opinion, we conclude that the trial court did not err in failing to enter a default judgment against Dr. Desta, setting aside a clerk's default, granting Dr. Desta leave to file a verified answer to Jameson's complaint, or refusing to grant Jameson's request to recover $1,500 for paralegal fees as a cost on appeal stemming from *Jameson I*. Finally, Jameson's claim that the trial judge erred in failing to disqualify himself is not cognizable on appeal.

Accordingly, we affirm both the trial court's refusal to enter judgment in favor of Jameson, and the trial court's refusal to award Jameson paralegal fees. We reverse the trial court's dismissal of the action, and remand the matter for further proceedings.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A. *Proceedings prior to* Jameson I

In April 2002, Jameson filed a complaint alleging eight causes of action, including breach of fiduciary duty, professional negligence, general negligence, failure to train, battery, violation of civil rights, intentional infliction of emotional distress, and violation of due process against a number of defendants, including Dr. Desta and officials of California's Department of Corrections and Rehabilitation (Department).[3] In his complaint, Jameson alleged that Dr. Desta, working on behalf of the Department, negligently prescribed the drug Interferon for Jameson, and that the drug had caused him to suffer serious physical injuries, including irreversible damage to his eyesight.

In August 2005, Dr. Desta filed a motion to dismiss the case based on delay in prosecution. In his brief in support of his motion to dismiss, Dr. Desta argued that Jameson had failed to diligently serve Dr. Desta with the summons and the complaint. In September 2005, the trial court granted Dr. Desta's motion to dismiss on the ground that Jameson had not been diligent in effecting service on Dr. Desta, and entered judgment in favor of Dr. Desta.

B. Jameson I

On appeal in *Jameson I*, Jameson contended that Dr. Desta's signing of an April 19, 2002 notice and acknowledgement of service established that Dr. Desta was timely served by mail, pursuant to Code of Civil Procedure[4] section 415.30, and that the trial court was thus not authorized to dismiss the action for lack of diligent service. This court agreed that Jameson had served Dr. Desta pursuant to section 415.30 and concluded that the trial court erred in dismissing the action for lack of diligent service. (*Jameson I, supra*, D047824.) We reversed the judgment and remanded the matter to the trial court with directions to deny Dr. Desta's motion to dismiss and to set a time within which Dr. Desta must file a responsive pleading to Jameson's complaint. We also awarded costs on appeal to Jameson. (*Ibid.*) On September 26, 2007, the clerk of this court issued the remittitur in *Jameson I*.

---

[2] Our factual and procedural background is drawn from *Jameson I, supra*, D047824.

[3] Dr. Desta is the only respondent in this appeal.

[4] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

## C. *Proceedings on remand*

On October 10, Dr. Desta filed an unverified answer to Jameson's complaint. On October 29, the trial court entered an order allowing Dr. Desta until November 13, 2007, to file a responsive pleading to Jameson's complaint.

On or about November 15, Jameson filed a request for entry of default and entry of a court judgment.[5] On November 15, the trial court clerk entered a default. That same day, Jameson filed a motion for judgment on the pleadings.

On January 10, 2008, the court entered an order providing that Jameson would be allowed to appear at court hearings by telephone in view of his imprisonment. On several occasions thereafter, Jameson informed the trial court that prison personnel were not allowing him to communicate telephonically with the court. (See pt. III.A., *post.*)

On January 17, the trial court entered an order setting aside the November 15 default. In its order, the trial court stated that the default had been entered erroneously, noting that Dr. Desta had filed an answer prior to the court's November 13 deadline. On January 18, the trial court clerk sent Jameson a notice of a mandatory case management conference hearing set for March 10.

On January 25, the trial court granted Jameson's motion for judgment on the pleadings, with leave to amend. The court reasoned that Jameson's complaint was verified, and that Dr. Desta's answer therefore had to be verified. The court granted Dr. Desta 20 days to file a verified answer to Jameson's complaint. On or about February 7, Dr. Desta filed a verified answer to Jameson's complaint.

Jameson did not appear telephonically at the March 10 case management conference. On March 12, the trial court clerk sent Jameson a notice regarding an April 18 hearing to consider whether the case should be dismissed.

On April 18, the trial court dismissed the case without prejudice on the ground that Jameson had not telephonically appeared for the March 10 case management conference and the April 18 order to show cause hearing.

---

[5] The file stamp on the request for entry of default and court judgment is illegible. As noted in the text, the trial court clerk entered the default on November 15.

Jameson appeals from the trial court's order dismissing the case.[6]

## III.

## DISCUSSION

A. *The trial court erred in dismissing the case without ensuring that Jameson had received meaningful access to the court*

Jameson claims that the trial court erred in dismissing the case on the ground that he did not appear telephonically at a case management conference and at a subsequent hearing on an order to show cause as to whether the case should be dismissed. Jameson claims that dismissal was improper because he "repeatedly notified the court" that prison officials were not providing him with the ability to communicate telephonically with the court.

### 1. *Governing law and standard of review*

■ A prisoner has a statutory right to initiate civil actions. (Pen. Code, § 2601, subd. (d).) "In the case of an indigent prisoner initiating a bona fide civil action, this statutory right carries with it a right of meaningful access to the courts to prosecute the action." (*Wantuch, supra*, 32 Cal.App.4th at p. 792.) There are many ways by which a trial court may ensure that a prisoner has meaningful access to the courts, including "conduct[ing] . . . status and settlement conferences, hearings on motions and other pretrial proceedings by telephone . . . ." (*Wantuch, supra*, 32 Cal.App.4th at p. 793.) A trial court is to exercise its "sound discretion" in determining the appropriate method by which to ensure meaningful access to the court. (*Id.* at p. 794.) "The exercise of the trial court's discretion will not be overturned on appeal 'unless it appears that there has been a miscarriage of justice.' [Citation.]" (*Ibid.*)

Applying this law, the Court of Appeal in *Wantuch* concluded that the trial court had abused its discretion in dismissing the action. The *Wantuch* court reasoned:

"Wantuch failed to appear at a status conference of which he had notice. As a result of his nonappearance, the trial court ordered a further status conference and a hearing on an order to show cause for failure to prosecute.

---

[6] The trial court's April 18 minute order was not signed. The trial court subsequently complied with this court's request to provide a signed dismissal order that complied with section 581d. That provision provides in relevant part, "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes . . . ." (§ 581d, par. 2.)

Wantuch informed the trial court he was serving a lengthy state prison sentence and requested appointment of counsel or transfer to court. Wantuch did not appear at the further status conference and hearing on the order to show cause. The trial court struck Wantuch's pleadings and entered judgment against him. [¶] . . . [¶]

"In this case, the trial court imposed terminating sanctions solely because of Wantuch's failure to appear at the status conference. Wantuch's nonappearance was not wil[l]ful, but was solely the result of his imprisonment. The status conference could have been conducted by written correspondence or by telephone. In all other respects, Wantuch had diligently prosecuted the matter. He had timely filed and served the complaint, discussed settlement, answered the cross-complaint, sought entry of default where appropriate, filed motions, propounded discovery, moved to compel discovery and filed an at-issue memorandum. The case was little more than a year old. We conclude the trial court abused its discretion." (*Wantuch, supra*, 32 Cal.App.4th at pp. 794–795.)

The *Wantuch* court reversed the judgment and remanded the matter. (*Wantuch, supra*, 32 Cal.App.4th at p. 796.) The *Wantuch* court stated that, although it appeared from the record that the appellant was indigent, and that the lawsuit constituted a bona fide action involving his property interests, the trial court was to definitively determine these issues on remand. (*Ibid.*) Assuming that the trial court were to make affirmative findings on these issues, the *Wantuch* court ordered "the trial court . . . to determine the appropriate remedy or remedies to effectuate Wantuch's constitutional and statutory rights of meaningful access to the courts to prosecute his complaint . . . ." (*Ibid.*)

In *Apollo, supra*, 167 Cal.App.4th 1468, the court considered whether a trial court failed to ensure an incarcerated appellant's right to meaningful access to the court prior to entering judgment against him. In *Apollo*, the trial court held a hearing on the respondent's summary judgment motion. The Court of Appeal described that hearing as follows:

"The reporter's transcript reflects that respondent's attorney appeared in person on her behalf, and that a call was made to the prison so that appellant could appear telephonically. When the court asked whether appellant was on the telephone, an unidentified speaker from the Department of Corrections and Rehabilitation advised that '[t]he inmate is coming back from his housing unit with his documentation.' The following exchange then occurred:

" '[The Court]: Okay. Well. We are going to proceed. It is now 9 minutes after 10:00. And if he is late, that is not our fault. All right. There was a

tentative ruling in this matter yesterday. . . . It is my understanding that there has not been any written opposition, proper written opposition filed to this motion; is that correct?

" '[Respondent's Attorney]: That's correct.

" '[The Court]: All right. The tentative ruling is adopted. The motion for summary judgment is granted on all three grounds.' " (*Apollo, supra,* 167 Cal.App.4th at p. 1477.)

Applying *Wantuch*, the *Apollo* court concluded, "[T]he trial court abused its discretion in granting respondent's summary judgment motion and entering judgment in favor of all defendants without first ensuring that appellant's right to meaningful court access to prosecute bona fide civil claims was being protected." (*Apollo, supra,* 167 Cal.App.4th at p. 1485.) As in *Wantuch*, in remanding the matter, the *Apollo* court stated, "[I]f on remand the trial court determines that appellant is indigent and has a bona fide claim, the trial court must then consider what remedies are available to protect appellant's right of meaningful access to the courts." (*Apollo, supra,* 167 Cal.App.4th at p. 1487.)

### 2. *Factual and procedural background*

On January 7, 2008, Jameson filed a request that he "be allowed to participate in every hearing via telephonic conference."

On January 10, the trial court entered an order providing that Jameson would be allowed to appear at court hearings by telephone, in view of his imprisonment. That order provided in relevant part: "Unless otherwise ordered by the court, plaintiff is permitted to appear at the court hearings by telephone. It is plaintiff's responsibility for making the necessary arrangements to appear by telephone. Plaintiff should have the prison's litigation coordinator contact Court Call at [phone number omitted] to arrange the telephonic appearance. The phone number for this department's court clerk is . . . ."

The trial court's January 10 order also stated, "The court file shows the next hearing is plaintiff's Motion for Judgment on the Pleadings which is set for January 25, 2008 at 8:35 a.m."

On January 18, the trial court clerk sent Jameson a notice of a case management conference hearing set for March 10. The notice stated, "[A]ll counsel of record or parties in pro per shall appear at the Case Management Conference . . . ."

On or about January 25, Jameson sent the trial court a letter informing the court that prison officials had not allowed him to appear telephonically at the January 25 hearing.[7] In his letter, Jameson stated in relevant part: "I was supposed to appear telephonically at the recent motion I filed for a judgment on the pleadings . . . . I wrote the court and requested to be able to appear telephonically. The court notified prison officials to permit such, and I also sent the litigation coordinator here at Pleasant Valley State Prison (PVSP) a copy of the court's notice to allow me to appear. Two days before the hearing, prison staff (the litigation coordinator) sent me notice that they would not allow me to appear telephonically; even though I had done so in the past. The prison staff stated it was a 'private matter,' when in fact the incident occurred in prison. End result is that I was not allowed to appear at the hearing."

On February 19, Jameson filed a motion for reconsideration of the trial court's January 17 order setting aside Dr. Desta's default. (See pt. II.C., *ante*.) In a declaration offered in support of his motion, Jameson stated, "Numerous hearings have been held between Desta and the Court . . . and I have not been allowed to participate nor receive notice of such . . . ."

On February 28, Jameson filed a case management statement form in anticipation of the March 10 case management hearing. The form asked Jameson to list any matters "that may affect the court's . . . processing of this case . . . ." Jameson responded, "Plaintiff is incarcerated and unable to participate in hearings . . . ." In a section of the form that asked the responding party to list any other issues to be addressed at the case management conference, Jameson wrote, "Plaintiff . . . not being allowed to appear telephonically . . . ."

On March 7, Jameson filed a request to disqualify the trial judge. In a memorandum in support of this request, Jameson repeatedly referred to the trial judge's alleged failure to allow Jameson to appear telephonically at various hearings in the case.

On March 10, the trial court held the case management conference. Jameson did not appear telephonically.[8] On March 12, the trial court clerk sent Jameson notice of a hearing on an order to show cause regarding "Why Case Should Not be Dismissed." The hearing was set for April 18. The notice

---

[7] The letter is dated January 25 and bears a file stamp marked January 30, 2008. The words "File Stamp Cancelled" appear over the file stamp. The reason for the cancellation of the file stamp is not clear.

[8] The record does not contain a minute order or a reporter's transcript of the March 10 hearing. However, it is undisputed that the trial court held the hearing, and that Jameson did not appear telephonically.

stated, "Failure to appear may result in a dismissal of the action on the court's own motion, without further notice to the parties."

On March 26, Jameson filed a "Notice of continuing objection to ex parte hearings between [the trial judge] and [Dr. Desta's counsel]." In this notice, Jameson stated that he had "no access to the court, telephone or otherwise, with [the trial judge]," and that he objected to the March 10 case management conference as a "hearing being held between [the trial judge] and [Dr. Desta's counsel] ex parte." Jameson stated, "Jameson has repeatedly notified the Court that he wants to be able to appear at <u>any hearing on this matter</u>; yet his requests have always fallen on deaf ears in re [the trial judge]."

On April 4, Jameson filed a document entitled, "Plaintiff Barry S. Jameson's Statement for Order to Show Cause Hearing Scheduled for 18 April 2008." In the statement, Jameson asserted, "Jameson objects to any dismissal prior to a judgment, states he has been diligent at all times, and all delays are the result of the actions of the remaining defendant . . . and the court's actions, refusing to file [Jameson's] documents, [and] refusing to allow [Jameson] to appear . . . ." Jameson again alleged that the trial judge had "not allowed to Jameson to appear telephonically, due to the fact that Jameson is under the recognized disability of imprisonment, causing hearing after hearing to be held ex parte between [the trial judge] and Defendant Desta—over Jameson's objections and while Desta was in default—completely denying Jameson due process and equal protection of law." In the conclusion of the statement, Jameson wrote, "Jameson again requests that the clerk of court schedule with the litigation coordinator at Pleasant Valley State Prison at [telephone number omitted] to allow him to appear at the hearing."

On April 18, 2008, the trial court dismissed the case without prejudice. The court stated, "Case is dismissed. He's not appeared. Again, he has the opportunity to appear [telephonically] by Court Call. He's been advised of his right to appear by Court Call and he's failed to appear on each occasion with regard to that, and the matter is dismissed once again."

3. *Application*

After the trial court's January 10 order permitting Jameson to appear telephonically at all subsequent hearings in the case, Jameson alerted the court in at least *six* different filings that prison personnel were not permitting him to make such appearances. (See pt. III.A.2., *ante.*) The record does not indicate that the trial court inquired into *any* of Jameson's numerous complaints.

Instead, the trial court, sua sponte, set an April 18 hearing on an order to show cause as to why the case should not be dismissed in light of Jameson's failure to appear telephonically for the case management conference.

■ Prior to dismissing the case at the April 18 hearing, the trial court did not make any finding that Jameson's failure to telephonically appear at the March 10 or April 18 hearing was willful, and the record contains no facts that would support such a finding. We conclude that under these circumstances, the trial court failed to ensure that Jameson was able to exercise his "right of meaningful access to the courts." (*Wantuch, supra,* 32 Cal.App.4th at p. 792; accord, *Apollo, supra,* 167 Cal.App.4th at p. 1484 [noting that while a trial court has discretion to determine the proper remedy by which to safeguard a prisoner litigant's right of meaningful access to the courts, "a trial court does not have discretion to choose *no remedy* in cases where the prisoner's civil action is bona fide and his or her access to the courts is being impeded"].)

We reject all of Dr. Desta's arguments in support of affirmance of the dismissal. While Dr. Desta argues that Jameson did not "formally move the trial court to issue an order to the prison warden to allow a telephonic appearance," Jameson tirelessly raised the issue of his lack of telephonic access to the court in letters to the trial court, in pleadings related to other issues in the case and, most significantly, in documents filed in anticipation of the March 10 case management conference and the April 18 order to show cause hearing. Similarly, while Dr. Desta suggests that this court may affirm the dismissal on the ground that Jameson failed to provide a "sworn declaration" detailing the ways in which his efforts to obtain telephonic access were being impeded, we are aware of no authority that would support such a requirement, and Dr. Desta cites none.

Dr. Desta also argues, "Without notice further court intervention was necessary to provide meaningful access, it was not unreasonable for the trial court to conclude Jameson's failure to appear at the case management conference and at the order to show cause hearing through 'Court Call' was deliberate and constituted a pattern of conduct under *Wantuch* which warranted dismissal." This contention is belied by the record. As indicated by the summary of that record provided in part III.A.2., *ante,* Jameson repeatedly requested that he be allowed to participate in court proceedings, objected to the court proceeding on an ex parte basis with only Dr. Desta's counsel participating, and informed the trial court that further court intervention was necessary to ensure his right of meaningful access to the courts. There is nothing in the record to support the conclusion that Jameson's failure to appear at any hearing in the case was deliberate.

■ We are aware that "in propria persona litigants, like appellant, are entitled to the same, but no greater, rights than represented litigants," and that "trial courts have a duty in the name of public policy to expeditiously process civil cases." (*Apollo, supra,* 167 Cal.App.4th at p. 1487.) "Adherence to these important principles, however, must yield to the even greater principles of providing in propria persona litigants with meaningful access to the courts and of deciding bona fide civil actions on their merits." (*Ibid.*)

■ Accordingly, we conclude that the trial court abused its discretion by choosing the "drastic measure" of dismissal (*Wantuch, supra,* 32 Cal.App.4th at p. 795), without first determining that Jameson had been afforded meaningful access to the courts and that his failure to appear at required hearings was willful. (See *ibid.* [reversing trial court dismissal of action on ground that prisoner had not appeared at status conference because failure to appear was not willful, but rather was the result of prisoner's incarceration].)[9] On remand, the trial court is directed to ensure that Jameson is provided meaningful access to the courts. While the trial court may exercise its discretion in determining the appropriate manner by which such access is provided, the trial court must make sure that whatever method is utilized actually provides meaningful access. For example, to the extent that the trial court elects to rely on telephonic hearings to provide such access, the court may wish to communicate itself, telephonically and/or by letter, with prison personnel to determine what logistical arrangements are necessary to enable Jameson to appear telephonically, and ensure that both court staff and prison personnel make those arrangements.[10]

B.–D.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[9] As was true of the appellants in *Wantuch* and *Apollo,* it appears that Jameson is indigent and that his complaint raises a bona fide claim. However, on remand, the trial court must definitively determine these issues. (*Wantuch, supra,* 32 Cal.App.4th at p. 796; *Apollo, supra,* 167 Cal.App.4th at p. 1487.) If on remand the trial court determines that Jameson is indigent and that his complaint raises a bona fide claim, the trial court must ensure that he receives meaningful access to the courts, in accordance with this opinion and with the principles established in *Wantuch* and *Apollo.*

[10] Jameson has appeared twice telephonically before this court in this case. During his most recent oral argument, Jameson stated that it was his belief that the prison's litigation coordinator is the appropriate person with whom court officials should communicate in making administrative arrangements to enable Jameson to make telephonic court appearances.

[*]See footnote, *ante,* page 672.

## IV.

## DISPOSITION

The trial court's refusal to enter judgment in favor of Jameson, and the trial court's refusal to award Jameson paralegal fees, are affirmed. The trial court's dismissal of the action is reversed, and the matter is remanded for further proceedings in accordance with our directions in part III.A., *ante*. The parties are to bear their own costs on appeal.

Nares, Acting P. J., and Irion, J., concurred.

A petition for a rehearing was denied December 15, 2009, and appellant's petition for review by the Supreme Court was denied February 10, 2010, S178646.