Filed 10/16/13  Lopez v. Court Call CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| EMILIANO LOPEZ, | B239341 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC455282) |
| v. | |
| COURT CALL, LLC et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa Sanchez-Gordon, Judge.  Affirmed.

Emiliano Lopez, in pro. per., for Plaintiff and Appellant.

Diederich & Associates and Robert E. Henke for Defendants and Respondents.

_____

Plaintiff Emiliano Lopez is an inmate housed at the Pleasant Valley State Prison. He was a party to a prior family law action, in which he did not prevail, after failing to appear telephonically through Court Call, LLC.

Lopez filed the current action against defendants Court Call and its employee Yudit Lara, alleging causes of action for the intentional tort of making a disparaging statement about Lopez to prison authorities and for negligence that resulted in Lopez missing an appearance in the family law case. Lopez's complaint sought compensatory and punitive damages.

Lopez's action was set for case management conferences on June 15, September 29, November 15, 2011, and January 23, 2012. Lopez failed to appear in person or telephonically at any of the conferences, causing the trial court to issue and reissue orders to show cause re dismissal. The court ultimately dismissed the action without prejudice following Lopez's failure to appear at the case management conference on January 23, 2012.

On January 31, 2012, Lopez filed a request for rehearing and appointment of counsel. Lopez's request relied on the prison authorities' repeated failure to allow him access to an institutional telephone and the trial court's denial of his requests for court ordered access to a prison telephone. The request was rejected for failure to follow applicable court rules. Defendant filed a timely notice of appeal.

**DISCUSSION**

Lopez contends on appeal that dismissal of his action was an abuse of discretion, which violated his state and federal rights to access to the courts. Relying primarily on *Jameson v. Desta* (2009) 179 Cal.App.4th 672 (*Jameson*), Lopez argues the trial court failed to exercise sound discretion to insure his meaningful access to the courts.

2

**An Inmates' Right to Access to the Courts and Standard of Review**

"An indigent prisoner who is a defendant in a bona fide civil action threatening his or her personal or property interests has a federal and state constitutional right, as a matter of due process and equal protection, of meaningful access to the courts in order to present a defense. (*Yarbrough v. Superior Court* (1985) 39 Cal.3d 197, 203-207 [(*Yarbrough*)]; *Payne v. Superior Court* (1976) 17 Cal.3d 908, 913-919, 924 [(*Payne*)]; Annot., Inmate's Appearance–Civil Trials (1990) 82 A.L.R.4th 1063, 1071-1073.) A prisoner also has a statutory right under Penal Code section 2601, subdivision (e) to initiate civil actions. In the case of an indigent prisoner initiating a bona fide civil action, this statutory right carries with it a right of meaningful access to the courts to prosecute the action. (Cf. *Bounds v. Smith* (1977) 430 U.S. 817.) A prisoner may not be deprived, by his or her inmate status, of meaningful access to the civil courts if the prisoner is both indigent and a party to a bona fide civil action threatening his or her personal or property interests." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 792 (*Wantuch*), fn. omitted.)

In order to insure access to the court for an incarcerated party, remedies may include "conduct of status and settlement conferences, hearings on motions and other pretrial proceedings by telephone (cf. *In re Grimes* (1989) 208 Cal.App.3d 1175, 1182-1183) . . . ." (*Wantuch*, *supra*, 32 Cal.App.4th at pp. 792-793.) "The trial court determines the appropriate remedy to secure access in the exercise of its sound discretion. ([*Yarbrough,*] *supra,* 39 Cal.3d at pp. 200, 207; [*Payne,*] *supra,* 17 Cal.3d at p. 927.) The exercise of the trial court's discretion will not be overturned on appeal 'unless it appears that there has been a miscarriage of justice.' (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)" (*Wantuch*, *supra*, at p. 794.)

**Appearance by Telephone**

Rule 3.670(a) of the California Rules of Court expresses a policy in favor of telephone appearances in order to improve access to the courts and sets forth the

3

procedures to be followed. A party may appear by telephone at case management conferences and at hearings to review the dismissal of an action. (*Id.,* rule 3.670(c)(1) & rule 3.670(c)(6).) A court may provide for telephone appearances through agreement with one or more vendors. (*Id.,* rule 3.670(i).) Provisions for fee waivers, and liens to recover fees incurred by the vendor, are provided. (*Id.,* rule 3.670(k).) "A court, by local rule, may designate the conference call vendor or vendors that must be used for telephone appearances." (*Id.*, rule 3.670(o).)

Rule 3.6(a) of the Superior Court of Los Angeles County, Local Rules provides that counsel "desiring to appear by telephone must comply with the procedures set forth in California Rules of Court, rule 3.670." Rule 3.6(b) provides that "[t]he court has entered into a contract with a private vendor which provides for teleconferencing services for court appearances before those judges who elect to participate in the contractor's program." Court Call is the vendor for the Los Angeles County Superior Court.

**Analysis**

Lopez's persistent position in the trial court was that he could not use the services of Court Call to make a telephonic appearance, because Court Call was a defendant in the action. He requested that prison authorities provide him access to an institutional phone. The prison authorities advised him on more than one occasion that he would have to use Court Call and that the prison did not make arrangements for telephone privileges for personal litigation. When his efforts failed with the prison, Lopez asked the trial court several times to order the prison warden to arrange for access to an institutional phone. The trial court ultimately ruled it did not arrange telephone conferences for any party.

Lopez has not demonstrated the trial court abused its discretion by dismissing the action after his repeated failures to appear. The court was prepared to accommodate Lopez's access to the court by telephonic appearance through Court Call, as permitted by the California Rules of Court and pertinent case law. We recognize the vendor utilized by the superior court— Court Call—was a defendant in this action. But the record

4

reveals no effort by Lopez to utilize Court Call, nor is there any evidence Court Call would not have complied with its obligation as the court's vendor to facilitate Lopez's telephonic appearances.

Lopez's reliance on *Jameson*, *supra*, 179 Cal.App.4th 672 is misplaced. In *Jameson*, the trial court issued an order allowing an inmate/plaintiff to appear by telephone for court appearances. (*Id.* at p. 680.) Jameson complained to the court that the prison authorities were not cooperating with the order, but the court failed to inquire about the complaints with the prison. (*Id*. at p. 682.) The court ultimately dismissed Jameson's action for failure to appear. (*Id*. at pp. 682-683.) The Court of Appeal reversed, finding no evidence to support the conclusion that Jameson's failure to appear was willful, as opposed to being the result of a lack of cooperation at the prison. (*Id*. at p. 684.)

*Jameson* is readily distinguishable from this case. Here, the correspondence from prison authorities to Lopez directed him to make arrangements with Court Call. There is no evidence the prison authorities interfered in any way with Lopez's ability to utilize Court Call. The record demonstrates Lopez unilaterally concluded he could not use Court Call because it was a defendant. Lopez points to no evidence suggesting Court Call would not have performed its contractual duties in this case. The trial court could reasonably conclude that Lopez had voluntarily failed to appear, based on his refusal to consider using the services of Court Call.

Had the record reflected that Court Call refused to provide service to Lopez, the result might have been different in the trial court or on appeal. A denial of a service request by Court Call would have compelled further court action to secure access to the court for Lopez, under the reasoning of *Jameson*. Given the state of the appellate record, the trial court could reasonably place the blame on Lopez's failures to appear on his own determination that he could not use Court Call. Having taken that adamant position, Lopez is in no position to claim he was denied access to the court, or that the court abused its discretion in dismissing the action without prejudice based on his multiple failures to appear at the case management conference.

5

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to defendants and respondents.


KRIEGLER, J.


We concur:


TURNER, P. J.


KUMAR, J.[*]

---

[*] Judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.