Filed 1/14/16  Burton v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| HARRISON BURTON, | C072451 |
| Plaintiff and Appellant, | (Super. Ct. No. 54414) |
| v. | |
| CONSTANCE DAVIS, | |
| Defendant and Respondent. | |

Incarcerated plaintiff Harrison Burton brings this pro se appeal from the judgment following a grant of summary judgment in favor of defendant Constance Davis, a prison library technician.

On appeal, Burton chiefly argues the trial court denied him the right to meaningful access to the courts because he missed the CourtCall telephone appearance scheduled for the time of the hearing on Davis's summary judgment motion.  We conclude Burton failed to provide an adequate record on appeal to assess any claim the trial court erred in granting summary judgment, and he has failed to show he was denied access to the courts.  We shall affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Burton is a prison inmate; Davis is a library technical assistant in the prison library.

Burton brought this intentional tort and negligence action against Davis, alleging that she wrongfully denied him access to the law library so that he might prosecute his various legal matters pending in state and federal courts; refused to provide him copies of judicial council legal forms; refused to give him copies of case law opinions while providing such copies to other inmates; and denied him priority legal user status (only providing him one hour and forty-five minutes of law library time every seven to ten days, rather than two hours every 10 days. He also alleged Davis did not update the library computers, she acted unprofessionally, and played the radio and talked very loudly during library hours.

Davis moved for summary judgment (or, alternatively, for summary adjudication). Davis's notice of motion, memorandum of points and authorities, separate statement of issues, and separate statement of undisputed facts filed in support of the motion are not in the record on appeal. Davis also brought a motion to quash Burton's subpoena duces tecum.

Burton filed no opposition to Davis's motion for summary judgment and filed no opposition to the motion to quash.[1] Instead, he responded by filing a written request for " 'a delay' " of the hearing on Davis's motion for summary judgment, then set for 1:30 p.m. on October 22, 2012, because the undisputed facts set forth by Davis "are not correct or are incomplete, and don't tell the whole story." Burton also argued he had no opportunity yet to pursue discovery; the relevant facts are in Davis's possession; and he planned to "develop[] these facts through discovery."

---

[1] Burton has included in the appellate record an "objection" to Davis's motion to quash her deposition subpoena, but it does not appear to have been filed.

2

Following the October 22, 2012, hearing at which Burton did not appear for reasons we discuss *post,* the trial court granted Davis's motion to quash her deposition subpoena. It also granted Davis's motion for summary judgment, finding "no triable issue of material fact exists on any of [Burton]'s claims."

## DISCUSSION

### I. Summary Judgment Ruling

"Summary judgment provides a court with a procedure to pierce pleadings in order to determine whether a trial is truly necessary to resolve the dispute between the parties. [Citation.]" (*Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1492.) Summary judgment is properly granted where "all the papers submitted" show there are no triable issues of fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review a trial court's decision granting a summary judgment de novo. In doing so, we liberally construe all conflicting facts in the light most favorable to the party opposing the motion. (*Estate of Molino* (2008) 165 Cal.App.4th 913, 921.)

A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (*o*); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at pp. 849-850.)

On appeal, however, the appellant has the burden of demonstrating by an adequate record that there is prejudicial error in the trial court's ruling. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*); *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (lead opn. of Grodin, J.).) Appellate courts never presume the existence of error: in fact, we are

3

required by the rules of appellate review to presume that the trial court's ruling was correct. (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; *Gutierrez v. Autowest, Inc*. (2003) 114 Cal.App.4th 77, 88.) Although it is said that our review of a summary judgment is de novo, that does not mean we engage in a "ground-up" analysis of the summary judgment motion independent of the arguments made by the appellant in his opening brief. Even on review of a summary judgment, "[t]he appellant has the burden of showing error occurred." (*Byars v. SCME Mortgage Bankers, Inc.* (2003) 109 Cal.App.4th 1134, 1140.)

Here, we are prevented by the shortcomings of the appellate record provided by Burton from assessing whether summary judgment should have been granted because we have not been provided with "all the papers" relevant to the motion. (See Code Civ. Proc., § 437c, subd. (c).) The record on appeal does not contain the motion, memorandum of points and authorities, or the separate statement filed by defendants. Nor is there a transcript of the reported oral argument. The absence of a complete record of the summary judgment motion precludes us from determining whether the trial court erred in entering summary judgment in defendant's favor. (See *Maria P*., *supra*, 43 Cal.3d at pp. 1295-1296.) We therefore must presume the court properly granted the motion for summary judgment. (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564 [A judgment or order of the lower court is presumed correct and all intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.].)

Burton argues he was given no "fair warning" that a "fatal sanction" could result following the October 22, 2012, hearing on Davis's motion for summary judgment. We construe this argument as an assertion the trial court should have complied with the rule derived from the federal case in *Hudson v. Hardy* (D.C. Cir. 1968) 412 F.2d 1091 that, "as a bare minimum," a pro se inmate be provided "with fair notice of the requirements of the summary judgment rule." (*Id*. at p. 1094.) The Ninth Circuit Court of Appeals has

declared its support for the *Hudson* rule, requiring that a prisoner pro se plaintiff receive "fair notice" of the requirements of rule 56 of the Federal Rules of Civil Procedure, that he be notified of his right to oppose a motion for summary judgment by submitting counter-affidavits or other responsive evidentiary materials, and alerted to the fact that the failure to do so might result in the entry of summary judgment against him.  (See *Rand v. Rowland* (9th Cir. 1998) 154 F.3d 952, 960-961; *Klingele v. Eikenberry* (9th Cir. 1988) 849 F.2d 409, 411.)  But Burton cites no authority, and we have found none, for the proposition that the *Hudson* rule or anything similar has been adopted or is required in California.  And we decline to do so here.

## II.  Meaningful Access to the Courts

After Burton filed this action, he sought permission as an incarcerated pro se litigant to participate in hearings via telephonic appearance.  The trial court ordered the prison staff "to facilitate Plaintiff Harrison Burton's appearance by [CourtCall] for 12/13/11 *at 10:30 a.m.* department 6 and for all future hearings until further ordered." (Italics added.)  The court later issued an order that the prison staff "facilitate [CourtCall] appearances for plaintiff for all future hearings and allow reasonable access to the law library and legal materials."

Prior to the October 22, 2012, hearing on Davis's motion for summary judgment, Burton arranged for a CourtCall appearance to enable him to participate telephonically in the hearing of the motion.  A memorandum from the prison litigation office to the watch commander states:  "Please ensure that Inmate Burton [] is available on **Monday, October 22, 2012,** *at 1:30 pm* for a telephonic [CourtCall].  Please dial [number] and access code [number to] initiate the call.  [¶]  If you cannot facilitate the [CourtCall] as directed, please make alternate arrangements to ensure it takes place as specified and notify the Litigation Office of the change."  (Italics added.)

Somewhere along the line, however, there was an error.  Handwritten notes on the memorandum containing the details necessary for connecting Burton via CourtCall

5

indicate there were three attempts by prison personnel to call the court -- 1:27 p.m.,[2] 1:37 p.m. and 1:56 p.m.[3] By the time Burton spoke with the trial judge at 2:10 p.m., he was told that his case had already been called.

On appeal, Burton contends the trial court "improperly conducted a hearing without [his] being present," thereby depriving him of meaningful access to the courts. We disagree that he was deprived of meaningful access.

Several Court of Appeal decisions, beginning with *Wantuch v. Davis* (1995) 32 Cal.App.4th 786 (*Wantuch*), have extended the right of meaningful court access to incarcerated plaintiffs, reasoning that because inmates have a statutory right to file civil lawsuits, it follows they must have the right to meaningful court access to pursue those claims. (*Id.* at p. 792; see also *Hoversten v. Superior Court* (1999) 74 Cal.App.4th 636, 642-643.) *Wantuch* held that civil trial courts must make accommodations for the restricted freedoms of inmates to ensure that, despite these restrictions, they are not deprived of the opportunity to prosecute a civil lawsuit. The court listed a variety of courtroom procedures that could be adopted to ensure incarcerated plaintiffs are not deprived of the opportunity to participate in litigation; the choice of remedy lies in the discretion of the trial court. "A prisoner does not have the right to any particular remedy. A prisoner may not, for example, compel a trial court to appoint counsel. [Citations.] . . . Nor may a prisoner ordinarily compel his or her appearance in court." (*Wantuch*, at pp. 792-794, fn. omitted.) The *Wantuch* court noted that the choice of an appropriate

---

[2] The separate CourtCall confirmation sheet directed the parties to call in at 1:25 p.m. for the 1:30 p.m. hearing time.

[3] We note other handwritten notations on the memorandum. The scheduled time of 1:30 p.m. is typed on the memorandum, but that time is crossed-out and "9:00 a.m." is handwritten next to it. Also handwritten onto the memo is the notation, "*0900 wrong time for Appointment."

remedy depends on the particular circumstances, including "the prisoner's literacy, intelligence and competence to represent himself or herself." (*Id*. at p. 793.)

Applying these principles, the courts in *Wantuch* and subsequent cases have reversed dismissals of inmate lawsuits where those dismissals were made on procedural grounds resulting from the trial courts' failure to accommodate the restrictions imposed upon the inmates by virtue of their incarceration. (See *Jameson v. Desta* (2009) 179 Cal.App.4th 672, 675 [reversing dismissal for inmate's nonwillful failure to appear for telephone conference] (*Jameson*); *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468, 1485 [reversing summary judgment granted when plaintiff inmate was late for telephone conference] (*Apollo*); *Wantuch*, *supra*, 32 Cal.App.4th at p. 794 [reversing dismissal of inmate's action for failure to appear for status conference].)

Here, however, Burton has not shown he was denied meaningful access to the court in connection with this lawsuit.

First, we note that -- notwithstanding his having missed the hearing on Davis's motion for summary judgment -- the record contains abundant evidence of Burton's energetic pursuit of his claims in this and other lawsuits; he had sufficient access to file pleadings, motions, and engage in discovery.[4]

Second, and more important, the grant of summary judgment was not premised on procedural grounds related to Burton's incarceration. (Cf. *Jameson*, *supra*, 179 Cal.App.4th at p. 675; *Apollo*, *supra*, 167 Cal.App.4th at pp. 1484-1485.) Rather, the trial court concluded that the undisputed facts submitted in support of the motion showed Davis never denied Burton physical access to the law library; never denied Burton access to the courts in violation of his First Amendment rights; and never banned Burton from

---

[4] In connection with its argument that Burton had access to the courts, Davis filed a request for judicial notice on August 16, 2013. We deferred ruling on the request for judicial notice and now grant it. (Evid. Code, § 452, subd. (d)(1), (2).)

7

the law library. The court also found that, in discharging her library responsibilities, Davis acted in compliance with the California Code of Regulations, the "Department Operations Manual," and the "High Desert State Prison Operations Manual Supplement." Summary judgment was granted in this case because Burton failed to refute Davis's significant evidentiary showing that his claims were without foundation, and failed to demonstrate the existence of a triable issue of material fact. That is, of course, a common substantive basis for granting summary judgment, and it bears no relation to Burton's status as an inmate. (Cf. *Apollo*, *supra*, 167 Cal.App.4th at p. 1487 [in propria persona litigants are entitled to the same, but no greater, rights than represented litigants].) Moreover, the appellate record before us does not show that Burton thereafter brought to the trial court's attention the circumstances that caused him to miss the hearing or that he otherwise protested entry of judgment on the ground he accidentally missed the hearing.

Under these circumstances, we cannot agree with Burton that the trial court denied him meaningful access to the courts or otherwise abused its discretion.[5]

---

[5] We deny Burton's request for judicial notice filed August 30, 2013, as the documents not already in a part of the appellate record are not necessary, helpful, nor relevant to our disposition of the case. (See *Mangini v. R.J. Reynolds Tobacco* Co. (1994) 7 Cal.4th 1057, 1063-1065, overruled on other grounds, *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.)

## DISPOSITION

The judgment is affirmed.

                                                        MURRAY          , J.

We concur:

          RAYE          , P. J.

          BLEASE          , J.

9