11/20/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JIN WOO PARK,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MICHAEL L. GUISTI,<br><br>    Defendant and Respondent. | G063372<br><br>(Super. Ct. No. 30-2021-01207342)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge. Reversed and remanded. Appellant's first request for judicial notice construed as a motion to augment the record on appeal; motion granted in part and denied in part. Second request for judicial notice construed as a motion to augment the record on appeal; motion granted in part and denied in part.

Jin Woo Park, in pro. per., for Plaintiff and Appellant.

Michael L. Guisti, in pro. per., for Defendant and Respondent.

\*        \*        \*

This case raises questions about access to justice for litigants who are incarcerated. Jin Woo Park is incarcerated at Corcoran State Prison (Corcoran). He retained attorney Michael L. Guisti to file a petition for a writ of habeas corpus on his behalf.

Park later filed a breach of contract claim against Guisti, alleging Guisti had failed to submit the habeas petition to the appropriate court. A trial date was set, but Park did not appear. The court dismissed the action.

We find this was prejudicial error, because the dismissal deprived Park of meaningful access to the courts as an incarcerated plaintiff. Given Park's multiple notifications to the trial court that he was incarcerated, the court abused its discretion by dismissing the case without ensuring Park had a meaningful opportunity to present his case in court. We therefore vacate the dismissal and remand the case. We publish this case as a reminder that the court system must ensure that all litigants have their day in court. When those litigants are incarcerated, additional burdens will be imposed on the courts, but they are burdens we must bear in the interest of justice.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Park filed a complaint asserting one cause of action for breach of contract against Guisti, alleging he hired Guisti in December 2018 to file a petition for writ of habeas corpus in state court, as well as federal court if necessary. (Guisti was not Park's counsel of record in the underlying criminal case.) Park alleged Guisti never filed a petition on his behalf in either court. The written contract attached to the complaint indicated Park had agreed to pay Guisti a total of $35,000 for his services.

Notice of a case management conference was mailed to Park at Corcoran. Park filed a request for telephonic appearance at the case management conference, indicating he was incarcerated outside Orange

2

County and was disabled. He also filed a case management statement and a request to waive court fees; both filings stated he was incarcerated.[1]

On the date of the case management conference, Park did not appear. The court set the matter for a jury trial on December 5, 2022. Guisti filed his answer to the complaint on the same day as the case management conference.

---

[1] Park has requested judicial notice of the case management statement which was not originally included in the clerk's transcript, and his fee waiver application, which was. As it is a record of the trial court, we construe Park's request for judicial notice as a motion to augment the record and grant the motion only as to the case management statement. (See Cal. Rules of Court, rule 8.155(a)(1)(A).) We need not augment the record with the fee waiver application because it is already part of the record. Although the fee waiver application is designated as confidential, this court can review and rely on it, and has done so.

Park filed a second request for judicial notice, which we will also construe as a motion to augment the record. This motion attached two documents filed with the trial court on October 18, 2022: a notice of remote appearance for the trial (ROA #42), and a request for interpreter (ROA #43). The former is already part of the appellate court record, and as to that document the motion to augment will be denied. The latter document was filed with a "proof of service by mail by person in state custody," identifying Park as a prisoner at Corcoran. The court will augment the record with the request for interpreter and attached proof of service.

Park's second request for judicial notice attached his letters to the trial court and a log of mail which appears to show mail sent by the court to Park in prison. These documents are not part of the trial court record and are therefore not proper matters for augmentation. Further, they are not proper matters for judicial notice. This court will not take judicial notice of these documents, nor will it augment the appellate record with them. We note, however, that the appellate record as it stands contains more than sufficient evidence refuting the trial court's statement it did not know Park was incarcerated on the day of trial.

Unaware that Guisti had filed an answer, Park filed a request for entry of default, which was denied. Park applied to this court for writ relief in order to enter the default. This court denied Park's petition, noting that Park was incarcerated and was representing himself. Our order was filed in the superior court.

Guisti filed a motion for judgment on the pleadings, arguing Park failed to state a cause of action because he never alleged that he was actually innocent of the crime for which he was confined. Guisti's contention was that Park's breach of contract claim was akin to a malpractice action, which required Park to allege that he would have prevailed but for Guisti's nonperformance of the agreement. Guisti's motion noted that Park was an inmate at the Substance Abuse Treatment Facility at Corcoran.

About six weeks before the scheduled trial date, Park filed a notice of remote appearance for trial. He also filed an opposition to Guisti's motion for judgment on the pleadings. Park argued Guisti was not his criminal defense attorney, but instead was his post-conviction attorney to whom he paid fees to file a habeas corpus petition. Thus, he did not need to allege actual innocence. Park attached a copy of his abstract of judgment, showing he was serving a prison sentence, as an exhibit to his opposition. The court denied Guisti's motion.

Park failed to appear at the trial on December 5, 2022. Guisti appeared in person and testified that Park was incarcerated. The minute order indicates Park did not notify the court in advance that he would be unable to appear or that he required a continuance. The minute order also stated: "The court had not been informed until this date that the plaintiff was incarcerated in state prison." The court then dismissed Park's lawsuit without prejudice.

4

Park now appeals.[2]

## DISCUSSION

Park contends the trial court should have been aware he was incarcerated and should not have dismissed the case without issuing an order to show cause. We agree the dismissal was in error.

Code of Civil Procedure section 581, subdivision (b), provides scenarios under which the trial court may, in its discretion, involuntarily dismiss a lawsuit. Those scenarios include "when either party fails to appear on the trial and the other party appears and asks for dismissal." (*Id.*, § 581, subd. (b)(5).) The court's exercise of statutory discretion will be reversed only if it constitutes a prejudicial abuse of said discretion. (See *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 393 ["judicial discretion must be measured against the general rules of law and, in the case of a statutory grant of discretion, against the specific law that grants the discretion"].)

We find such an abuse of discretion occurred here. Guisti appeared for trial, but the minute order does not reflect that he asked the court to dismiss the case.[3] And even if he had, "'dismissal is *always* a drastic remedy to be employed *only* in the rarest of circumstances.'" (*Guardianship of A.H.* (2022) 83 Cal.App.5th 155, 160–161.)

---

[2] While the notice of appeal was not actually received and filed until November 27, 2023, Park's appeal is nevertheless timely because he mailed his notice of appeal from prison on December 21, 2022, well within his time to appeal the dismissal. (See Cal. Rules of Court, rule 8.25(b)(5).)

[3] The minute order indicates no reporter was present when the matter was called for trial, so there is no reporter's transcript for that proceeding.

5

This concern is amplified in cases involving incarcerated plaintiffs with civil claims. "A prisoner may not be deprived, by his or her inmate status, of meaningful access to the civil courts if the prisoner is both indigent and a party to a bona fide civil action threatening his or her personal or property interests." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 792 (*Wantuch*).) "Preventing parties from presenting their cases on the merits is a drastic measure; terminating sanctions should only be ordered when there has been previous noncompliance with a rule or order and it appears a less severe sanction would not be effective." (*Id.* at p. 795.)

"Meaningful access to the courts by an indigent prisoner 'does not necessarily mandate a particular remedy' to secure access. [Citation.] [¶] Remedies to secure access may include: (1) deferral of the action until the prisoner is released [citation]; (2) appointment of counsel for the prisoner [citations]; (3) transfer of the prisoner to court [citations]; (4) utilization of depositions in lieu of personal appearances [citations]; (5) holding of trial in prison [citation]; (6) conduct of status and settlement conferences, hearings on motions and other pretrial proceedings by telephone [citation]; (7) propounding of written discovery; (8) use of closed circuit television or other modern electronic media; and (9) implementation of other innovative, imaginative procedures [citations]. [¶] In determining the appropriate remedy to secure access, the trial court should consider the nature of the action, the potential effect on the prisoner's property, the necessity for the prisoner's presence, the prisoner's role in the action, the prisoner's literacy, intelligence and competence to represent himself or herself, the stage of the proceedings, the access of the prisoner to a law library and legal materials, the length of the sentence, the feasibility of transferring the prisoner to court

6

and the cost and inconvenience to the prison and judicial systems. [Citations.]" (*Wantuch, supra,* 32 Cal.App.4th at pp. 792–793.)

In *Wantuch,* the incarcerated plaintiff failed to appear in person for a status conference. (*Wantuch, supra,* 32 Cal.App.4th at p. 791.) The court set an order to show cause for failure to prosecute before it struck his pleadings and entered judgment against him. (*Ibid.*) The appellate court found the trial court had abused its discretion by not taking steps to ensure the plaintiff had meaningful access to the courts if he was indigent and had a bona fide threat to his property interests. (*Id.* at pp. 795–796.)

Similarly, in *Jameson v. Desta* (2009) 179 Cal.App.4th 672, 676 (*Jameson*), an incarcerated plaintiff sued a prison doctor for alleged negligent medical treatment; the trial court dismissed his case after he failed to telephonically appear for a case management conference. The trial court had issued an order to show cause before entering the dismissal. (*Id.* at p. 674.) The appellate court concluded the dismissal was an abuse of discretion because the plaintiff had attempted to alert the trial court numerous times that prison officials were not permitting him to make telephonic appearances, but the trial court never inquired into these complaints. (*Id.* at pp. 682–684.) The court should not have dismissed the case "without first determining that Jameson had been afforded meaningful access to the courts and that his failure to appear at required hearings was willful." (*Id.* at p. 684.)

Unlike *Wantuch* and *Jameson,* an order to show cause was never issued in this case. We do not know why Park failed to appear remotely for the case management conference or trial because he has never been given an

7

opportunity to explain.[4] The trial court gave Park no notice it would dismiss the case. He was deprived of meaningful access to the courts, and the trial court never analyzed whether he was indigent or whether his claim was bona fide.[5]

Guisti contends *Wantuch* is distinguishable because, unlike the plaintiff in *Wantuch*, Park did not actively participate in the case aside from filing a complaint and notice of appeal. The record reflects otherwise. Park actively litigated the case. He served the summons and complaint, submitted a request for fee waiver (which was granted), submitted a case management statement and request for remote appearance, served written discovery on Guisti, and opposed Guisti's motion for judgment on the pleadings. He attempted to take Guisti's default under the mistaken impression that no answer had been filed. Park was clearly engaged in the case. He did not make his remote appearances, however, and that is the issue which required resolution by the trial court before it dismissed the lawsuit.

The record also undercuts the trial court's statement that it was unaware of Park's incarceration until the day of trial. Aside from the nature of the lawsuit itself—a party would generally only seek a writ of habeas corpus if he was serving a custodial sentence—it was made clear to the court

---

[4] For this reason, we reject Guisti's contention that Park forfeited the issue of whether his failure to appear was willful based on his purported failure to cite to any evidence in the record. There is no evidence to cite because the court never inquired into the reasons for Park's nonappearance.

[5] Park obtained a fee waiver in the trial court, which suggests he is in fact indigent. And Park's case finds support in the State Bar's discipline of Guisti, which was premised on the same conduct for which Park filed the present lawsuit.

in numerous filings that Park was incarcerated. Park's requests for remote appearance mentioned it. His fee waiver request reflected it.[6] Guisti's motion for judgment on the pleadings emphasized it. And if nothing else, the court was aware when Guisti gave his testimony at trial that Park was in prison. It dismissed the lawsuit anyway.

Code of Civil Procedure section 581, subdivision (b)(5), unquestionably gives the trial court the authority to dismiss a civil case if one party fails to appear and the other party requests dismissal. We do not by this opinion limit a trial court's ability to control its courtroom and docket. But in the situation where a civil litigant is incarcerated, has obtained a fee waiver from the court as a result of indigency, has actively participated in the case, and has filed a notice of remote appearance for the trial, but nevertheless fails to appear that day, the trial court cannot dismiss the case without, at a minimum, first issuing an order to show cause.

On remand, the trial court is directed to ensure Park is given meaningful access to the court. "While the trial court may exercise its discretion in determining the appropriate manner by which such access is provided, the trial court must make sure that whatever method is utilized actually provides meaningful access." (*Jameson, supra*, 179 Cal.App.4th at p. 684.) We encourage the trial court to communicate with prison personnel

---

[6] Park purported to attach an Exhibit C to his opening brief, which Guisti claims is not part of the record and cannot establish the trial court sent mail to Park in prison. We see no Exhibit C attached to Park's opening brief, as the page was intentionally left blank in the copy filed with this court. Regardless, as explained *ante*, there is sufficient evidence in the record to show the trial court was notified of Park's incarceration.

9

as necessary to ensure Park is given a meaningful ability to attend court appearances and present his case.[7]

## DISPOSITION

The judgment of dismissal is reversed, and the matter is remanded to the trial court for further proceedings. As the prevailing party, appellant is entitled to recover his costs on appeal, if any, in light of the waiver of appellate court fees and costs ordered by this court on December 26, 2023, pursuant to California Rules of Court, rule 8.26. On remand, the trial court shall determine whether and how any costs on appeal shall be awarded.


BANCROFT, J.*

WE CONCUR:


DELANEY, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[7] It appears from the California Department of Corrections and Rehabilitation website that prison litigation coordinators are available to assist inmates with litigation needs. (<https://www.cdcr.ca.gov/ombuds/ombuds/legalassistance> [as of Nov. 14, 2025], archived at <https://perma.cc/6H5D-VPZA>.)