[Crim. No. 32619. Second Dist., Div. Four. May 9, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE MATOS, Defendant and Appellant.

**COUNSEL**

David M. Liebowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Defendant was charged with: (count I) assault with a deadly weapon on a police officer, in violation of subdivision (b) of section 245 of the Penal Code; (count II) battery on a police officer, in violation of sections 242 and 243 of the Penal Code; and (count III) battery on a police officer in violation of sections 242 and 243 of the Penal

Code. After a trial by the court, trial by jury being duly waived, he was found not guilty on counts I and II, but guilty on count III. He was granted probation; he has appealed; we reverse.

Counts I and II involved an altercation between defendant and Officer Smalling; count III involved an altercation between defendant and Officer Smalling's partner, Officer Yarbrough. Because of the nature of the issues raised on this appeal, it is unnecessary to set forth the facts in detail. The case for the People was that defendant, angered at investigative tactics of the officers, had attacked them; the defense was that the assault was by the officers, using excessive force, and that he had merely resisted that excessive force.

To support that defense, defendant moved for discovery, under the authority of *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], of the officers' records. So far as is here material, that motion was in the following terms:

"The personnel or administrative records of officers R. Yarbrough (Serial No. 16396) and B. Smalling (Serial No. 16309) of the Los Angeles Police Department, concerning any complaints, allegations or charges concerning the use of force, excessive force, charges of battery, or other allegations of the use of violence pertaining to the conduct of each officer, whether on or off duty, including but not limited to, reports, police reports, complaint reports, records of hearings pertaining thereto, and station records concerning similar information, during the period of time that each of the officers has been employed by the Los Angeles Police Department.

"The names and addresses of any persons who have made claims, allegations and charges against either of the officers named in the previous paragraph concerning allegations of false arrest, the use of excessive force, or battery, during the period of time that each of the officers has been a member of the Los Angeles Police Department, including reports made on the station level, and those made to the internal affairs division of the Los Angeles Police Department.

"All records of any hearings or disciplinary proceedings had with regard to each of the officers named in paragraph 2, pertaining to allegations made by any citizens, defendants, or other parties alleging false arrest, the use of excessive force, battery or other actions involved in the use of physical force or violence, during each officer's employment

with the Los Angeles Police Department." The People having raised the issue of privilege, citing sections 1040-1042 of the Evidence Code, the trial court ordered an *in camera* hearing, telling defense counsel that he would receive a minute order showing the results of that hearing.

On July 16, 1976, the *in camera* hearing was held,[1] there being present a deputy city attorney, an officer from the police internal affairs division and an officer from the police personnel division. Neither defendant nor his counsel was present. The trial court reviewed the records, which disclosed one complaint against Officer Yarbrough, which had resulted in a 10-day suspension and one against Officer Smalling, which had been found after investigation to be unsustained. The court, with the consent of the People, ordered paragraph 3, calling for the names and addresses of complainants and witnesses to the two events on which complaints had been filed, to be granted. It denied paragraph 4 because there had been no hearings as called for in that paragraph and denied paragraph 2.

Contrary to the promise made when the *in camera* hearing was ordered, no minute order reflecting the court's ruling was then made or served. The only minute order shown by the record on appeal reads, as to that matter, only:

"An in camera hearing is held in chambers with officers Richard Yarbrough and B. Smalling and city attorney Thomas Crofoot present. The Court orders record of proceedings sealed." Thereafter, defendant received the data called for under paragraph 3 of his request and ordered delivered to him by the court. On November 10, 1976, the defendant moved to dismiss the case against him, arguing that, because the complaints involved related to matters in 1971, he had been unable to contact some of the persons whose names had been given to him and that others had only vague remembrance of the events. Acting on the belief that his discovery motion had been granted in full, he sought dismissal. The matter was taken under submission, resulting in a "nunc pro tunc" minute order, dated November 17, 1976, reading as follows:

"An in camera hearing was held in chambers on July 16, 1976. In addition to the court clerk and the court reporter present were Thomas Crofoot, deputy city attorney, Sergeant Stark, Los Angeles Police Department Internal Affairs, and officer Haggerty, Los Angeles Police Department Personnel Division.

---

[1]We have before us and have reviewed the transcript of that hearing.

"The Court examined the entire personnel files of Officers R. Yarbrough and B. Smalling (16396 to 16309 respectively) and based upon such examination its following findings are made:

"1. There is only one (1) complaint of apparent substance—that of excessive force against Yarbrough. He voluntarily accepted a 10 day suspension.

"2. There has been 1 complaint of improper tactics made against Smalling. Internal Affairs found these to be unsustained. There was no penalty, no hearing or disciplinary proceeding.

"3. There have been no Administrative or Board of Rights hearings, and no disciplinary proceedings have been taken against either officer other than in paragraph one above.

"4. The City Attorney has agreed to provide defendant with a list of names and addresses of all citizens whose names appear in the police files who have made complaints regarding either officer and the names and addresses of any witnesses also appearing therein.

"The Court further rules that defendant's Motion to Dismiss pursuant to Section 1040 and 1042(a) Evidence Code, submitted on November 9, 1976, is denied.

"Copies of this minute order sent by U.S. mail to counsel of record this date." The case was thereafter transferred to another department for trial. Defendant moved to exclude all testimony by the officers involved. That motion was denied, and trial followed.

I

■ Defendant contends that the *in camera* hearing was unconstitutional because neither defendant nor his counsel was then present. A similar contention was raised and rejected by this court in *People* v. *Woolman* (1974) 40 Cal.App.3d 652, 654-655 [115 Cal.Rptr. 324].

II

■ In *Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823 [133 Cal.Rptr. 325], the court reviewed at length the law regarding the discovery in cases such as this. The People here rely on the following

language in *Kelvin L.* (at pp. 828-829): "Petitioner has demonstrated the necessity for discovering the names, addresses and telephone numbers of citizens who have lodged complaints of excessive force against Officers Brogelman and Chryss, and of any witnesses interviewed by the department in connection with such complaints, but has made no showing that this information will be inadequate to enable him to prepare his case. As presented his motion was, therefore too broad. If, for one reason or another, it does prove inadequate, petitioner may move for further discovery. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, 538.) [Fn. 1 . omitted.]"

We conclude that that reliance is here misplaced. At the hearing on November 10th, counsel for the defendant made it clear that he was seeking to obtain the complaints themselves since, in the words of *Kelvin L.,* the discovery already granted had "proved inadequate." That was sufficient to alert the trial court to the necessity, when it reviewed the original discovery order, of granting a new order extending discovery to the complaints themselves. Instead, it simply let the original, and by then demonstrably inadequate, order stand. Our judgment herein directs the correction of that omission.

## III

■ The People have, of course, complied with the only discovery order yet issued. Unless and until they refuse, on the ground of privilege, to comply with the new order which we direct to issue, any considerations for sanctions is premature. In so saying, we do·not intend to express any opinion on whether the privilege referred to in section 1040 et seq. of the Evidence Code extends beyond cases involving informers.

## IV

■ As an independent ground of appeal, defendant contends that he is entitled to a dismissal because the findings on the two counts are inconsistent. While, in some cases, where the evidence on two counts is identical, inconsistent verdicts cannot stand (see *In re Johnston* (1935) 3 Cal.2d 32 [43 P.2d 541]), in the case at bench there were, in effect, two different assaults on two different victims even though they involved the same incident. The trial court was entitled, as it did, to disbelieve the testimony of Officer Smalling but to believe the testimony of the assault on Officer Yarbrough.

The judgment is reversed with directions to grant a motion by defendant for discovery of the complaints made against Officers Smalling and Yarbrough and thereafter to proceed in a manner not inconsistent with this opinion.

Jefferson (Bernard), J., and Alarcon, J., concurred.