[No. F055535. Fifth Dist. Dec. 17, 2008.]

CITY OF TULARE, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
M.C., Real Party in Interest.

COUNSEL

McCormick Kabot Jenner & Lew and Richard H. Bambl for Petitioner.

No appearance for Respondent.

Michael B. Sheltzer, Public Defender, Lisa Bertolino, Assistant Public Defender, Nicholas Rosenberg and Bill Meuting, Deputy Public Defenders, for Real Party in Interest.

OPINION

**VARTABEDIAN, Acting P. J.**—In a juvenile delinquency matter, the minor, real party in interest, was granted an order releasing names and contact information related to complaints against police officers following a properly noticed *Pitchess* (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]) motion. The minor's counsel returned to court seeking additional information, claiming the originally disclosed information was inadequate. Petitioner, the City of Tulare, objected to this supplemental *Pitchess* hearing on the basis petitioner had not received proper notice, resulting in inadequate time to prepare for the motion. The juvenile court found the hearing was merely a continuation of the previous hearing and ordered disclosure of additional information. On request of petitioner, the court stayed its order. Petitioner filed a petition for writ of mandate seeking a noticed hearing before any additional information was disclosed. We issued an order to show cause to determine if the second *Pitchess* hearing was subject to the notice requirements contained in Evidence Code section 1043 and Code of Civil Procedure section 1005. For the reasons that follow, we will grant mandate relief.

## Background

The minor was charged with assault on a peace officer and eluding a peace officer. According to the officers, one officer threw a flashlight at the car the minor was driving as he tried to flee, breaking the front windshield. The minor disputed this report and claimed the officers used excessive force. The minor filed a *Pitchess* motion seeking records maintained by the Tulare Police Department that might aid in his defense.

On March 14, 2008, the juvenile court granted the motion, releasing certain names and contact information of complainants and witnesses.[1] On May 5, 2008, the minor's counsel communicated by e-mail with counsel for petitioner. The minor's counsel wrote that he had investigated each of the four complainants but had been unable to secure any witnesses. He stated he would be moving for discovery of the complaints themselves on May 13, 2008, the date set for trial. Petitioner's counsel responded that the police department has a strict policy of requiring parties seeking discovery to follow statutory procedures and recommended that the minor file an order shortening time as well as a motion for additional *Pitchess* disclosure. Even then, disclosed petitioner's counsel, he would object to both.

A notice dated May 9, 2008, was filed stating that on May 13, 2008, the minor would be seeking an order for discovery of all of the relevant complaints themselves because the contact information that had been provided proved fruitless. Attached to the motion was a declaration from counsel. It provided in relevant part:

"3. I am informed and believe that my office received on or about April 1, 2008 the names and addresses of complainants and potential witnesses under the seal of the Court.

"4. I am informed and believe that an investigator from my office has diligently investigated the information with the following results:

"A. Complainant Number 1 reported deceased to the investigator.

"B. Complainant Number 2 unable to be located because address is for new purchaser after foreclosure.

"C. Complainant Number 3 unable to be located in mobile home park.

"D. Complainant Number 4 apparently in prison and the associated witness did not wish to testify.

"5. I am therefore informed and believe that the discovery provided by this Court has proven inadequate inasmuch as Minor has not secured any witnesses."

On May 7, 2008, a readiness hearing was held. Counsel for petitioner was not present. Counsel for the minor and the People were present. At that time,

---

[1] The papers filed do not provide this court with a clear picture of what was released. The parties do not dispute that the minor's counsel received several names with contact information.

the minor's counsel offered to file an order shortening time. The court told him that would not be necessary.

On May 13, 2008, petitioner filed points and authorities in opposition to the supplemental pretrial *Pitchess* discovery motion. Petitioner argued that the minor was required to comply with the notice requirements contained in Evidence Code section 1043 and Code of Civil Procedure section 1005. Petitioner claimed that notice was required in order to allow petitioner the proper opportunity to protect confidential and statutorily protected records of the police department.

The court considered the motion on May 13, 2008. At the outset, the court questioned whether a new *Pitchess* motion needed to be filed or whether this was an extension of the originally granted motion. The court stated its belief that this was merely an extension and new information was not being disclosed because the court had already ruled that the minor had the right to investigate certain claims. Petitioner responded that it needed proper notice for the police department to get someone to the hearing with the records and also needed time to follow up on whether the witnesses the minor claimed were unavailable were, in fact, unavailable. The court responded that it was relying on the declaration by the minor's counsel and that the court had no reason to believe the declaration was not a true and accurate declaration. The court pointed out that if complainant No. 1 is deceased, why would petitioner need to investigate any further the unavailability of the complainant. The court questioned how likely it was that petitioner would be able to contact any of the four witnesses the minor's counsel said he could not gather information from.

Petitioner responded that, while the standard of having exercised due diligence in searching for witnesses may be low, it was not convinced by the declaration that there was due diligence and petitioner would simply like the opportunity to try and locate the witnesses before there is full disclosure of copies of the complaints. The court again questioned what effort the police department would be able to put forth that was not already done by counsel for the minor. To this, petitioner's counsel responded that he did not know but would like the opportunity to verify the facts as presented and believed he was entitled to notice so he could do so.

The court reiterated that it thought the matter was beyond the question of whether disclosure needed to be made because the decision to disclose was made at the time of the original motion. Petitioner responded that the minor needs to show that he has exercised due diligence in seeking out information and has been unsuccessful. Petitioner pointed out that, because minor is seeking additional information, privacy issues are involved, and those issues

require fair and reasonable notice to be given. Petitioner's counsel emphasized that it was his understanding that any hearing involving *Pitchess* requires notice.

The court pointed to *People v. Matos* (1979) 92 Cal.App.3d 862 [155 Cal.Rptr. 293] as authority for the theory that a court can release more information when the originally disclosed information is inadequate; thus the motion for more information is merely an extension of the original *Pitchess* motion and notice is not required.

Counsel for the minor offered to provide an offer of proof regarding the declaration of due diligence; the court said it would not require that at this time. The court questioned petitioner regarding what authority there was that petitioner should be able to challenge the due diligence of the minor.

The court ruled that Evidence Code section 1043 does not apply when there is a request to extend the original discovery orders. The court said the next question was the adequacy of the records previously disclosed and then whether the minor exercised due diligence in locating the witnesses. The court stated, "the Court does not believe that, as a matter of right, the police ought to contest that effort of due diligence."

The court then went through every reason offered by the minor concerning unavailability. The court found there would be no reason to check to see if complainant No. 1 was available because he was dead. For complainant No. 2, "no purpose would be served by the police looking for the party after a new purchaser bought the property owned by this person." For complainants Nos. 3 and 4, the court merely restated the reasons listed in the due diligence declaration without any elaboration. The court found no further investigation would lead to the location of witnesses. Thus the court found that further investigation would be fruitless.

The court ordered the custodian of records to appear with the records so the court could review the complaints in camera and determine whether any information should be redacted. Petitioner responded it would be seeking a stay so it could petition this court.

The juvenile court granted the minor's motion to have the complaints reviewed after possible redaction and then granted petitioner's request for a stay.

Petitioner filed a petition for writ of mandate in this court asking this court to issue a peremptory writ of mandate directing and compelling respondent court to vacate its order of May 13, 2008, granting the minor's motion for

supplemental pretrial discovery, and to make a new order based on the minor's failure to comply with the statutory notice provisions.

On July 16, 2008, we issued an alternative writ directing the juvenile court to either (a) vacate its order filed on May 13, 2008, and issue a new order giving petitioner adequate time to investigate the defense declaration or (b) to show cause before this court why the relief set forth under (a) should not be granted.

Respondent court elected to show cause and asked that the matter be set for briefing and hearing.

## Discussion

"Writ review is appropriate when the petitioner seeks relief from a discovery order which may undermine a privilege or a right of privacy, because appellate remedies are not adequate to remedy the erroneous disclosure of information. [Citation.] Additionally, writ review of discovery orders is appropriate to establish general guidelines for the lower courts. [Citation.]" (*California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1018–1019 [101 Cal.Rptr.2d 379].)

Although writ review of discovery orders is typically judged under an abuse of discretion standard, we are not reviewing the merits of the discovery order itself; we are determining whether the notice provisions apply to an application for disclosure of additional information following a successful *Pitchess* motion. The construction of a statute and its application to a particular case is a question of law. (*Evans v. Unemployment Ins. Appeals Bd.* (1985) 39 Cal.3d 398, 407 [216 Cal.Rptr. 782, 703 P.2d 122].)

■ In *Pitchess*, the California Supreme Court " 'recognized that a criminal defendant may, in some circumstances, compel the discovery of evidence in [a] law enforcement officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge. "In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as '*Pitchess* motions' . . . through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045." [Citation.] By providing that the trial court should conduct an in camera review, the Legislature balanced the accused's need for disclosure of relevant information with the law enforcement officer's legitimate expectation of privacy in his or her personnel records.' [Citation.] [¶] To obtain *Pitchess* information, the defendant must file a written motion. ([Evid. Code,] § 1043, subd. (a).)" (*Garcia v. Superior Court* (2007) 42 Cal.4th 63, 69–70 [63 Cal.Rptr.3d 948, 163 P.3d 939], fns. omitted.)

Penal Code section 832.7, subdivision (a), provides in relevant part: "Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code."

Evidence Code section 1043 provides: "(a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.

"(b) The motion shall include all of the following:

"(1) Identification of the proceeding in which discovery or disclosure is sought, the party seeking discovery or disclosure, the peace or custodial officer whose records are sought, the governmental agency which has custody and control of the records, and the time and place at which the motion for discovery or disclosure shall be heard.

"(2) A description of the type of records or information sought.

"(3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records.

"(c) No hearing upon a motion for discovery or disclosure shall be held without full compliance with the notice provisions of this section except upon a showing by the moving party of good cause for noncompliance, or upon a waiver of the hearing by the governmental agency identified as having the records."

Code of Civil Procedure section 1005, subdivision (b) requires that "all moving and supporting papers shall be served and filed at least 16 court days before the hearing."

"The *Pitchess* statutory scheme recognizes that evidence contained in a law enforcement officer's personnel file may be relevant in a lawsuit, but

that the officer 'has a strong privacy interest in his or her personnel records and that such records should not be disclosed unnecessarily.' [Citation.] To balance these competing interests, the Legislature 'require[d] the intervention of a neutral trial judge, who examines the personnel records in camera . . . and orders disclosed to the defendant only those records that are found both relevant and otherwise in compliance with statutory limitations. In this manner, the Legislature has attempted to protect [a party's] right to a fair trial and the officer's interest in privacy to the fullest extent possible.' [Citations.]" (*Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1085 [12 Cal.Rptr.3d 467].)

Petitioner claims that because a supplemental *Pitchess* motion involves the discovery of peace officer personnel records, such a motion must be properly noticed under Code of Civil Procedure section 1005 and Evidence Code section 1043. Petitioner further argues that due process requires that petitioner be given sufficient notice and time to scrutinize and respond to a motion to seek additional materials.

The minor contends there is no authority supporting petitioner's argument that a supplemental *Pitchess* motion needs to follow the notice requirements applicable to an initial *Pitchess* motion. In addition, he asserts petitioner has no right to scrutinize a due diligence declaration. The minor states that allowing petitioner to contact former complainants will chill citizen complaints and increase the likelihood of witnesses refusing to cooperate and testify. He also argues that any investigation by petitioner would not have reasonably resulted in any witnesses becoming available or willing to cooperate. Finally, the minor argues that his counsel's e-mail communication with counsel for petitioner was notice and the court did not require the minor to file an order shortening time and thus the claim of inadequate notice is misplaced and petitioner suffered no prejudice.

■ We agree with the minor that when initial discovery has proved to be inadequate the person seeking discovery may move for further discovery. (*Kelvin L. v. Superior Court* (1976) 62 Cal.App.3d 823, 828–829 [133 Cal.Rptr. 325]; *Alvarez v. Superior Court* (2004) 117 Cal.App.4th 1107, 1112–1113 [12 Cal.Rptr.3d 252]; *People v. Matos, supra,* 92 Cal.App.3d at pp. 867–868.) While the above cited cases allow for the opportunity to seek additional discovery, none of them speak to the issue presented here: whether such a motion must meet the notice requirements applicable to the initial *Pitchess* motion. In *Kelvin L.,* the court expressly stated that it was not determining anything about the technical sufficiency of the discovery motion. (*Kelvin L. v. Superior Court, supra,* at p. 827.)

After the trial court finds good cause for discovery, it reviews the possibly pertinent records in chambers and discloses the information meeting the

statutorily defined standards of relevance as set forth in Evidence Code section 1045, subdivision (b). "Typically, the trial court discloses only the names, addresses, and telephone numbers of individuals who have witnessed, or have previously filed complaints about, similar misconduct by the officer. [Citation.] That practice 'imposes a further safeguard to protect officer privacy where the relevance of the information sought is minimal and the officer's privacy concerns are substantial.' [Citation.]" (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019 [29 Cal.Rptr.3d 2, 112 P.3d 2].)

While the motion here flowed from the original *Pitchess* motion, it was a motion seeking disclosure of additional, previously undisclosed information based on new facts. The juvenile court here limited the initial disclosure to what is "typically" disclosed; we can only assume that at the initial hearing it found no good reason to disclose anything more. The second motion was thus more than a mere continuation of the original motion. We fail to see how the second disclosure should not be subject to the safeguards of a properly noticed motion, particularly in light of the strong legislative intent to " 'protect [a party's] right to a fair trial and the officer's interest in privacy to the fullest extent possible.' [Citations.]" (*Haggerty v. Superior Court, supra*, 117 Cal.App.4th at p. 1085.) Such protections are maintained by requiring a hearing in compliance with the notice provisions of Evidence Code section 1043 and Code of Civil Procedure section 1005.

Failure to follow the required notice provisions would allow a party to request a hearing in short order to obtain the next level of discovery based only on an untested declaration by that party that he or she needs more information. The ease of such a motion would run counter to the clear purpose of releasing only as much information as is necessary in order to protect the privacy of the confidential records of the police department and the police officers in question. Police records are confidential for a reason, and their disclosure must be appropriately guarded. We " 'must consider the consequences that might flow from a particular construction and should construe the statute so as to promote rather than defeat the statute's purpose and policy.' " (*Escobedo v. Estate of Snider* (1997) 14 Cal.4th 1214, 1223 [60 Cal.Rptr.2d 722, 930 P.2d 979].) A properly noticed motion does not restrict disclosure of the information; it merely allows a sufficient time for the law enforcement agency and its officers to challenge and scrutinize the adequacy of the motion in question. Thus the balance between a fair trial and the officer's interest in privacy is maintained.

■ It could also be said that the court's actions deprived petitioner of due process. " 'The primary purpose of procedural due process is to provide affected parties with the right to be heard at a meaningful time and in a meaningful manner.' " (*Edward W. v. Lamkins* (2002) 99 Cal.App.4th 516, 532

[122 Cal.Rptr.2d 1].) By holding the hearing in an expedited fashion, the trial court precluded petitioner from having sufficient time to prepare for the motion in a meaningful manner.

█ We also reject the minor's argument that petitioner had actual notice by virtue of the e-mail and other communications. "The fact that an opposing party has actual knowledge of a pending court proceeding will not excuse the moving party from the requirement of giving the written notice required by statute." (*County of Santa Clara v. Perry* (1998) 18 Cal.4th 435, 442 [75 Cal.Rptr.2d 738, 956 P.2d 1191].) That the minor could have filed an order shortening time but the trial court said it was not necessary does not change our decision. The minor did not file an order shortening time; thus the requirements for such a motion cannot be tested. In addition, the court was operating under the erroneous impression that a properly noticed motion was not required; thus the court's excusal of a motion for an order shortening time was equally erroneous.

Were we to agree with the minor's assertions that petitioner had no right to challenge the due diligence declaration and that an investigation by petitioner might have a chilling effect on potential witnesses, the result would be that a party could come into court to seek additional discovery of confidential files without the opposing party having any right to challenge the action being sought. This clearly is not permitted by the statutes protecting police records.

█ We also disagree with the manner in which the trial court disallowed petitioner's attempt to challenge any information in the due diligence declaration. The trial court repeatedly questioned what information petitioner might gather and how likely it was that petitioner could gather information. The petitioner was, of course, unable to answer these questions because it had been deprived of an adequate opportunity to conduct any investigation. The declaration was not so concrete that it was clear that an investigation was not warranted. For example, as to the first complainant, counsel for the minor declared, "Complainant Number 1 reported deceased to the investigator." It is certainly possible that the source of the minor's information made a false report of the complainant's death. As a further example, as to the third complainant, the declaration stated, "Complainant Number 3 unable to be located in mobile home park." Does that mean that the complainant was unable to be located in the mobilehome park because he was not there at the time the investigator was there, he did not live there anymore, he was hiding from the investigator, or for some other reason? Such a vague declaration was hardly sufficient to support the court's conclusion that an investigation by petitioner would not result in information relevant to the due diligence inquiry. Petitioner was entitled to a properly noticed motion entitling it to the right to be heard at a meaningful time and in a meaningful manner. That did not occur here.

## Disposition

Let a peremptory writ of mandate issue directing respondent court to vacate its order of May 13, 2008, granting the minor's motion for disclosure, and to enter a new and different order denying the motion because the motion was not properly noticed.

Cornell, J., and Gomes, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 18, 2009, S170076.