Filed 5/11/16  Miller v. Smith CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARION FRANKLIN MILLER, | D067613 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2011-00092383-CU-NP-CTL) |
| LARRY SMITH, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Marion Franklin Miller, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and Appellant Marion Franklin Miller, acting in propria persona, appeals

from the trial court's orders denying his discovery motions and dismissing his action

against defendant Larry Smith.

Miller contends the trial court erred in denying his motion to compel further discovery and motion to deem requests for admission admitted, both seeking sanctions. However, Miller did not timely serve and file the notice of motion for any of his motions. The trial court therefore did not abuse its discretion in denying Miller's motions, which did not comply with the rules of civil procedure, and we affirm the trial court's rulings on the motions.

In addition, Miller, who is imprisoned, contends the trial court erred in dismissing his action without prejudice when he failed to appear at the trial readiness conference and at trial. Miller requested to appear telephonically at the trial readiness conference, but the court did not grant his request and Miller was unable to appear. Miller also failed to appear at trial shortly thereafter and his case was dismissed without prejudice on the court's own motion. We find the trial court erred in dismissing Miller's action for failure to appear, when the record does not indicate that Miller's failure to appear was willful. We therefore reverse the trial court's dismissal of the action, and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

*History and General Background*

Miller is incarcerated at Folsom State Prison (Folsom) and has been in custody since June 28, 2010. On June 3, 2011, Miller filed an in propria persona complaint, alleging "[i]ntentional [t]ort," negligence and fraud against Smith, based on the loss of Miller's car and personal property while in Smith's care. After almost two years, and three dismissals for which Miller sought (and was granted) reinstatement, Miller properly

2

served Smith. Miller filed numerous motions, ex parte applications and other documents, including multiple requests for entry of default, a motion to strike Smith's answer, a case management statement, ex parte applications for more time to respond to demurrer and for continuances, motions for reconsideration of adverse rulings, opposition to motion for summary judgment and various discovery motions. In addition, during the course of the proceeding, the court heard and denied Smith's demurrer and his motion for summary judgment, and granted a trial continuance from April 25, 2014, to August 1, 2014, on Smith's ex parte application.

Four times during the course of the proceedings, the trial court issued orders facilitating Miller's telephonic appearance at hearings and Miller appeared. On the first occasion, for a hearing on Smith's demurrer, it appears the court issued the order on its own initiative, as the record does not show any request from Miller for telephonic appearance. For two hearings, on June 20, 2014, and July 31, 2014, Miller filed untimely or erroneous documents seeking telephonic appearances, no court orders were issued, and Miller did not appear at the hearings. On July 10, 2014, Miller served a request to appear telephonically (filed on July 16, 2014) at a July 18, 2014, hearing on his ex parte application to compel the Department of Motor Vehicle's compliance with a subpoena, but no court order was issued and Miller did not appear at the hearing.

*Miller's Discovery Motions*

On April 11, 2014, Smith served Miller with unverified responses to Miller's interrogatories, special interrogatories, document demands and requests for admissions. On May 1, 2014, Miller sent Smith a letter, described as "a meet and confer notice,"

3

informing Smith that he intended to serve and file a request for a hearing on a number of motions, including "motions to compel further responses to Plaintiff discovery requests, and a motion to deemed [sic] admissions." On May 9, 2014, Miller served Smith with a notice of motion and motion to compel further responses to interrogatories and requests for production and imposition of sanctions, with a separate statement and memorandum of points and authorities in support thereof. Miller filed the motion to compel and supporting documents on May 14, 2014. On the same date, Miller filed an ex parte application for a continuance so the court could hear his motion to reopen discovery. Also on May 14, 2014, the court received a letter from Miller, dated May 5, 2014, seeking a hearing date for his ex parte application and his discovery motions. On May 14, 2014, Miller served Smith with a notice of motion and motion seeking that his requests for admissions be deemed admitted and imposing sanctions, with supporting memorandum, separate statement and declaration, filed on May 19, 2014. However, the notices of motion Miller served with the various motions did not contain any information about hearing dates or times.

On May 19, 2014, the court granted Miller's request for an ex parte hearing on his application for continuance, setting the hearing for June 3, 2014, and issued an order directing Folsom to allow Miller to call in for the hearing. Miller appeared telephonically at the June 3, 2014, hearing on his ex parte request for continuance and to "set Discovery Motion." In a minute order issued that day, the court denied the continuance and did not set a date for Miller's discovery motions.

4

On June 30, 2014, Miller sent a letter to the court clerk, inquiring about the status of his discovery motions, among other things. The letter was marked "cancelled" over its file stamp and sent back to Miller, and he received it on July 17, 2014. On July 24, 2014, Miller filed another ex parte application for continuance and to schedule hearings on the motion to compel further discovery responses and motion that his requests for admission be deemed admitted, noticed for July 31, 2014.

The court set a hearing on Miller's application for July 31, 2014. Miller served a request to appear telephonically on July 25, 2014, but it erroneously listed the hearing date as August 1, 2014, and the request was not filed until July 31, 2014. The court did not issue an order facilitating Miller's telephonic appearance and Miller did not appear at the July 31, 2014, hearing. However, the court granted Miller's application and continued the trial to December 5, 2014, set the trial readiness conference for November 26, 2014, and set a hearing on Miller's discovery motions for September 26, 2014. The court clerk served Miller with notices of the rescheduled trial readiness conference and trial on August 1, 2014.

On September 8, 2014, Miller filed a request to appear telephonically at the September 26, 2014, hearing on his various discovery motions, and on the same day the court issued an order facilitating Miller's telephonic appearance. On September 12, 2014, Miller served notice of motions and motions to compel further discovery responses and to deem the requests for admissions admitted and requesting sanctions, with supporting declarations and memoranda. Miller did not re-serve separate statements for any of his

5

motions. Instead, he re-filed his prior May 9, 2014, proof of service for the separate statement in support of his motion to compel, which was rejected by the court.

On September 19, 2014, Miller re-filed his request to appear telephonically at the September 26, 2014, hearing, with a letter to the clerk stating that on September 15, 2014, he had received a copy of a minute order from the court dated May 5, 2014, granting his request to appear by telephone at the June 3, 2014, hearing, but had received no order responding to his September request. Miller contends the court re-sent its minute order dated September 8, 2014, for Miller's telephonic appearance at the September 26, 2014, hearing, but the order did not arrive at Folsom until September 26, 2014, too late for him to attend the hearing. To support his contention of court error, Miller relies on a copy of the September 8, 2014, minute order with a copy of an envelope from the court addressed to him, postmarked September 22, 2014, and stamped "Received, September 26, 2014, Folsom." It does not appear the court was aware that its order mailed September 22, 2014, did not arrive in sufficient time for Miller to attend the September 26, 2014, hearing.

*Hearing and Orders on Miller's Discovery Motions*

At the September 26, 2014, hearing the court denied Miller's motions. The court denied Miller's motion to deem his requests for admission admitted because the noticed motion was served too late and did not comply with Code of Civil Procedure section

6

1005, subdivision (b),[1] requiring service of notice at least 16 court days before the hearing, with an additional five calendar days if served by mail. The court denied Miller's motion to compel further discovery responses on the same ground, and because the notice of motion was not filed within 45 days after the verified responses were served as required by sections 2030.300, subdivision (c) and 2031.310, subdivision (c), therefore waiving Miller's right to compel further responses. In addition, the court noted the motion did not include a separate statement, which constitutes independent grounds for denial of a motion to compel under rule 3.1345 of California Rules of Court.

*Motion to Reconsider Order on Discovery Motions*

On October 14, 2014, Miller requested a hearing date for his motion to reconsider the ruling on his discovery motions, but there were no hearing dates available before his trial date. Miller then filed an ex parte application on October 27, 2014, to continue the trial to allow the court to hear his motion for reconsideration. In his ex parte application, Miller stated that he "was unable to appear at the September 26, 2014, hearing due to circumstances beyond his control," but provided no details. Smith served and filed an opposition to the motion on October 29, 2014. Miller served a reply to Smith's opposition on November 6, 2014, providing a detailed explanation for his absence at the September 26, 2014, hearing and his confusion regarding his service of the discovery motions in May 2014, but his reply was not filed until November 20, 2014, after the hearing. Miller did not request to appear telephonically at the November 12, 2014, ex

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

7

parte hearing and did not appear. At the November 12, 2014, hearing, the court denied Miller's application for further continuance.

*Pretrial Proceedings and Trial*

Miller sent a letter to the clerk's office on October 22, 2014, filed on October 27, 2014, seeking a copy of the local court form for complying with San Diego Superior Court Local Rule 2.1.15 (which requires parties to present a joint trial readiness conference report at the conference) because he was not allowed internet access and could not obtain the document electronically. The record does not show whether the form was sent to Miller and Miller never filed a joint trial readiness conference report. On November 7, 2014, Miller served his notice of lodgment, lodging his trial exhibits, filed November 19, 2014. On November 13, 2014, Miller's witness and exhibit lists were filed. On November 14, 2014, Miller filed his trial brief, a supplemental notice of lodgment and supplemental exhibit and witness lists. On November 14, 2014, Miller also filed a motion in limine, stating that he intended to appear telephonically at trial, and requesting court assistance in calling and examining witnesses under Evidence Code section 775. Smith filed an opposition to Miller's motion in limine on November 19, 2014. On November 21, 2014, Miller filed a request to appear telephonically at the trial readiness conference, but stated in an attached declaration that he did not "believe that my assigned correctional counselor will be available to facilitate my telephone appearance for the scheduled 8:30 a.m. Trial Readiness Conference." There is no indication on the record that the court issued an order to facilitate Miller's telephonic appearance.

8

On November 26, 2014, the trial readiness conference was held and Miller did not appear. At the conference, Smith's counsel made an oral motion to dismiss the case without prejudice. The court deferred ruling on the motion and confirmed the trial date of December 5, 2014. On December 4, 2014, Miller served a reply to Smith's opposition to the motion in limine, but it was not filed until December 9, 2014. On December 5, 2014, Miller "failed to appear" and the court ordered his action dismissed without prejudice "on its own motion."

*Posttrial Proceedings*

On January 2, 2015, Miller filed a motion for reconsideration of his previously denied motions to compel, deem requests for admissions admitted and impose sanctions; his ex parte application to continue the trial; and the court's order dismissing his action. Smith filed an opposition to the motion on January 8, 2015, and Miller filed a reply and a request to attend the hearing by telephone on January 25, 2015. On January 26, 2015, the court issued an order directing Folsom to allow Miller to attend the April 3, 2015, hearing. On February 10, 2015, Miller filed a notice of appeal.[2] On April 3, 2015, the court stated it was "without jurisdiction to hear the motion for reconsideration" because Miller had filed a notice of appeal.

## DISCUSSION

### A. *Miller's Motions to Compel Further Discovery*

We first consider Miller's challenge to the trial court's order denying his motions to compel further discovery. "The standard of review generally applicable to review of discovery orders is abuse of discretion, as management of discovery lies within the sound discretion of the trial court." (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.) Specifically, "[w]e apply an abuse of discretion standard of review to the trial

---

[2] "An involuntary dismissal effected by a minute order signed by the trial court is an appealable order." (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 328, fn. 1., citing § 581d.) Because there is nothing in the record to indicate that Smith or the court served Miller with a notice of entry of the dismissal order, the time for filing a notice of appeal from the order expired 180 days after December 5, 2015. (*In re Marriage of Macfarlane & Lang* (1992) 8 Cal.App.4th 247, 253; Cal. Rules of Court, rule 8.104(a).) Miller's filing of notice of appeal on February 10, 2016, was therefore timely.

court's ruling denying a motion to compel discovery."  (*Mills v. U.S. Bank* (2008) 166 Cal.App.4th 871, 891-892.)

On September 12, 2014, Miller served a notice of motion and motion to, among other things, compel further responses to interrogatories and discovery requests propounded on Smith.  The noticed hearing was scheduled for September 26, 2014.

The trial court denied the motion to compel because the noticed motion was served too late and did not comply with section 1005, subdivision (b), requiring service of notice at least 16 court days before the hearing, with an additional five calendar days if served by mail.  The court also denied the motion because the notice of motion was not filed within 45 days after the verified responses were served as required by sections 2030.300, subd. (c) and 2031.310, subd. (c), therefore waiving Miller's right to compel further responses.  Either of these grounds constituted a sufficient basis for denying Miller's motions to compel.[3]

When faced with evasive or incomplete responses or meritless or too general objections, "the propounding party may move for an order compelling a further response" to interrogatories and requests for production.  (§§ 2030.300, subd. (a), 2031.300, subd. (a).)  "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion . . . ."  (§ 1005.5.)  "[T]he notice of a motion,

---

[3] In its order denying Miller's motions to compel, the court found additional grounds for denial of the motions because Miller did not include a separate statement as required by California Rules of Court, rule 3.1345.  Because we affirm the court's order on two other grounds, we need not consider whether this ground also applies.

other than for a new trial, must state *when*, and the grounds upon which it will be made. . . ." (§ 1010, italics added.) By law, "all moving and supporting papers shall be served and filed at least 16 court days before the hearing," and if the notice is served by mail in California, "the required 16-day period of notice before the hearing shall be increased by five calendar days." (§ 1005, subd. (b).) " 'The fact that an opposing party has actual knowledge of a pending court proceeding will not excuse the moving party from the requirement of giving the written notice required by statute.' " (*City of Tulare v. Superior Court* (2008) 169 Cal.App.4th 373, 384.)

Miller's notice of motions to compel and moving papers were served by mail only 14 calendar days before the date of the hearing and did not comply with section 1005, subdivision (b). The court set the September 26, 2014, hearing date on July 31, 2014, and instructed Smith to provide notice to Miller. The record does not show, and Miller does not contend, that Smith did not inform Miller of the hearing date in a timely manner. Miller therefore had ample time to provide proper notice. Under these circumstances, there was no abuse of discretion in the trial court's denial of Miller's motions to compel.

Miller contends his prior service of notice of motions and motions to compel on May 9, 2014, were sufficient to comply with section 1005, subdivision (b). However, Miller's motion to compel in May of 2014, did not contain proper notice of when the motion would be heard, as required by section 1010, and therefore the motions were not "deemed to have been made and to be pending" before the court at that time pursuant to section 1005.5.

12

Regarding the trial court's second ground for denying Miller's motions, a moving party waives the right to bring a motion to compel further responses to interrogatories or document demands unless the party gives notice of the motion "within 45 days of the service of the verified response, or any supplemental verified response, or on or before any specific later date to which the propounding party and the responding party have agreed in writing."  (§§ 2030.300, subd. (c), 2031.310, subd. (c).)  A moving party's failure to comply with the 45-day limit "renders the court without authority to rule on motions to compel other than to deny them." (*Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410.)

Smith served Miller with unverified responses to Miller's interrogatories and document demands on April 11, 2014, and served Miller with the verifications on May 22, 2014.  Even if the service date of the verified responses is used as the response date for purposes of calculation, Miller was required to serve Smith with notice no later than July 7, 2014, to bring his motion to compel within the 45-day deadline.  Miller's service of notice on September 12, 2014, exceeded this deadline by over two months.  As described above, although Miller previously served the motion in May of 2014, the notice of motion did not include when the motion would be made and therefore the motion was not pending pursuant to sections 1005.5 and 1010.
Consequently, Miller's noncompliance with the 45-day limit provided additional basis for the trial court's denial of Miller's motions to compel.

Miller disagrees, arguing that the court had jurisdiction to hear and rule on the merits of his motions to compel because they were pending since he first served them on

13

May 9, 2014.  Miller cites cases to support his argument, but none of the cases supports the proposition that service without proper notice is sufficient to comply with statutory requirements for timeliness.  (*See Houston v. Lack* (1988) 487 U.S. 266, 276 [holding that pro se prisoner's notice of appeal is deemed filed upon delivery to prison authorities for forwarding to the court clerk]; *Zapanta v. Universal Care, Inc*. (2003) 107 Cal.App.4th 1167, 1174 [request for dismissal without prejudice was valid when filed the day before the opposition to a motion for summary judgment was due]; *Cravens v. State Bd. of Equalization* (1977) 52 Cal.App.4th 253, 255 [court had jurisdiction to hear and rule on defendants' motion for summary judgment when plaintiff filed a request for dismissal without prejudice one day before the hearing]; *Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 926 [court had jurisdiction to hear discovery motions that were served by mail on opposing party's attorney when discovery statutes did not require personal service].)

Miller further cites *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1293 for the proposition that the "trial court failed to appropriately exercise its discretion and grant [Miller's] motions to compel discovery and impose sanctions."  There, the Court of Appeal held that parties who waive a service defect and are not prejudiced by it cannot assert the defect on appeal to overturn the trial court's substantive ruling on the defectively served motion.  (*Id.* at 1288-1290.)  There is nothing in the *Reedy v. Bussell* holding that would require us to find that the trial court abused its discretion in denying discovery motions based on procedural grounds.

14

*B. Miller's Motion to Deem Admitted his Requests for Admission*

"Although requests for admissions are included in the Code of Civil Procedure among discovery procedures [citation], they 'differ fundamentally from other forms of discovery. Rather than seeking to uncover information, they seek to eliminate the need for proof.' " (*Murillo v. Superior Court* (2006) 143 Cal.App.4th 730, 735-736.) If a party does not serve a timely response to requests for admission, the party who propounded the requests "may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction . . . ." (§ 2033.280, subd. (b).) "[T]he burden is on the propounding party to file a motion under [section 2033.280, subdivision (b)] to have requests deemed admitted." (*Appleton v. Superior Court,* (1998) 206 Cal.App.3d 632, 635.)

Miller did not meet his burden. As with his motions to compel, Miller's notice of motion and motion to deem the requests admitted and requesting sanctions were served by mail on September 12, 2015, only 14 calendar days before the September 26, 2015, hearing date. Miller's service therefore did not comply with the requirements of section 1005, subdivision (b), and the trial court did not abuse its discretion by denying Miller's motion on that ground.

*C. Dismissal of Miller's Case at Trial*

*1. Governing law and standard of review*

The order dismissing Miller's case when he failed to appear at the December 5, 2014, trial does not specify the court's legal authority for doing so. There are many grounds for dismissing an action when a plaintiff fails to appear for trial. Section 581,

subdivision (b)(5) provides that "[a]n action may be dismissed . . . [b]y the court, without prejudice, when either party fails to appear on the trial and the other party appears and asks for dismissal."  Similarly, under section 581, subdivision (l), "The court may dismiss, without prejudice, the complaint in whole, or as to that defendant when either party fails to appear at the trial and the other party appears and asks for the dismissal."  The court also may dismiss the case for delay in bringing the action to trial upon its own motion.[4]  (§ 583.410, subd. (a).)  The court, "on its own motion, may . . . dismiss the action or proceeding or any part thereof" when a party fails to comply with local rules.[5]  (Super. Ct. S.D. County, Local Rules, rule 2.5.12.)  The court may also dismiss an action as a sanction for a party's lack of compliance under Government Code section 68608, subdivision (b).[6]  In addition, the court has inherent power to dismiss an action.  (*Stephen Slesinger, Inc. v. Walt Disney Co*. (2007) 155 Cal.App.4th 736, 763 ["inherent power to

---

[4] "If the court intends to dismiss an action on its own motion, the clerk must set a hearing on the dismissal and send notice to all parties at least 20 days before the hearing date." (Cal. Rules of Court, rule 3.1340(b).)

[5] Section 575.2 provides authority for local rule dismissal sanctions but requires, among other things, that "[n]o penalty may be imposed under this section without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed."  (§ 575.2, subd. (a).)  Moreover, "[a]lthough authorized to impose sanctions for violation of local rules (Code Civ. Proc., § 575.2, subd. (a)), courts ordinarily should avoid treating a curable violation of local procedural rules as the basis for crippling a litigant's ability to present his or her case."  (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1364.)

[6] "Judges shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case.  Judges are encouraged to impose sanctions to achieve the purposes of this article."  (Gov. Code, § 68608, subd. (b).)

16

dismiss for pervasive misconduct"]; *Feingersh v. Lutheran Hosp. Society* (1977) 66 Cal.App.3d 406, 411 ["inherent power to dismiss actions for unreasonable delay in prosecution"]; *McKenna v. Elliott & Horne Co.* (1953) 118 Cal.App.2d 551, 555 ["inherent power to dismiss an action which is clearly shown to be sham and without merit"].)  The court's inherent power to dismiss is not limited to grounds provided by statute.[7]

A court's power to dismiss is not unlimited.  "Discretion is abused when the trial court's ruling is arbitrary, capricious, exceeds the bounds of reason or prevents a fair hearing from being held."  (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321.)  It is true "that 'in propria persona litigants, like appellant, are entitled to the same, but no greater, rights than represented litigants,' and that 'trial courts have a duty in the name of public policy to expeditiously process civil cases.'  [Citation.]"  (*Jameson v. Desta* (2009) 179 Cal.App.4th 672, 684 (*Jameson*).)  " 'Adherence to these important principles, however, must yield to the even greater principles of providing in propria persona litigants with meaningful access to the courts and of deciding bona fide civil actions on their merits.'  [Citation.]"  (*Ibid.*)  "Preventing parties from presenting their cases on the merits is a drastic measure; terminating sanctions should only be ordered when there has

---

[7] Section 581, subdivision (m), specifies that "[t]he provisions of this section shall not be deemed to be an exclusive enumeration of the court's power to dismiss an action or dismiss a complaint as to a defendant."  Section 583.150 similarly provides:  "[t]his chapter does not limit or affect the authority of a court to dismiss an action or impose other sanctions under a rule adopted by the court pursuant to Section 575.1 or by the Judicial Council pursuant to statute, *or otherwise under inherent authority of the court*."  (§ 583.150, italics added.)

been previous noncompliance with a rule or order and it appears a less severe sanction would not be effective." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795 (*Wantuch*).)

An incarcerated civil litigant "has a statutory right under Penal Code section 2601, subdivision (e) to initiate civil actions." (*Wantuch*, *supra*, 32 Cal.App.4th at p. 792.) "A prisoner may not be deprived, by his or her inmate status, of meaningful access to the civil courts if the prisoner is both indigent and a party to a bona fide civil action threatening his or her personal or property interests." (*Ibid.*) In *Wantuch,* the appellate court found abuse of discretion when the trial court had imposed terminating sanctions "solely because of Wantuch's failure to appear at the status conference" when his failure to appear "was not willful, but was solely the result of his imprisonment" and "[i]n all other respects, Wantuch had diligently prosecuted the matter." (*Id.* at p. 795.)

While a trial court has discretion to choose among various "remedies in safeguarding a prisoner litigant's right of meaningful access to the courts," it "does not have discretion to choose *no remedy* in cases where the prisoner's civil action is bona fide and his or her access to the courts is being impeded." *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468, 1483-1484 (*Apollo*).) In *Apollo,* the appellate court overturned the trial court's grant of summary judgment dismissing Apollo's action when Apollo was unable to appear at the summary judgment hearing due to circumstances beyond his control. (*Id.* at p. 1478.) Apollo, an incarcerated litigant, had "vigorously pursued his claim . . . to the best of his ability" and had notified the court of his limited ability to perform legal work as a prisoner, repeatedly requesting "that the trial court consider his 'dire need for the appointment of counsel' to represent him." (*Id.* at pp. 1484-1485.) In

18

addition, although Apollo repeatedly requested court orders to permit him to appear telephonically from prison, it was "not clear from the record that the trial court considered each of his requests." (*Id.* at pp. 1484-1485.) Under those circumstances, the *Apollo* court "conclude[d] the trial court abused its discretion in granting respondent's summary judgment motion and entering judgment in favor of all defendants without first ensuring that appellant's right to meaningful court access to prosecute bona fide civil claims was being protected." (*Id.* at 1485.)

Similarly, in *Jameson*, *supra*, 179 Cal.App.4th at p. 675, we "conclude[d] that before a trial court may dismiss an action on the ground that an indigent prisoner has failed to appear telephonically at proceedings in the case, the trial court must find, based on facts in the record, that the prisoner has willfully failed to avail himself of the right to appear telephonically." The trial court in *Jameson* dismissed his action without prejudice based on Jameson's failure to appear telephonically at a case management conference and at a subsequent hearing on an order to show cause. (*Id.* at p. 674.) The record showed that "Jameson notified the trial court on numerous occasions that prison personnel were not allowing him to communicate telephonically with the court" but there was nothing to show "that the trial court made any inquiry into Jameson's contentions," and there were no facts on the record to demonstrate "that Jameson's failure to appear telephonically at the hearings was willful." (*Id.* at p. 675.) We therefore held that, under circumstances "the trial court erred in dismissing the action based on Jameson's failure to appear telephonically." (*Ibid.*)

19

*2. Application*

Miller's action was dismissed when he failed to appear at the trial readiness conference and at trial. However, there is nothing in the record to suggest Miller had any means to do so or that his failure to attend was willful. Miller filed a request to appear telephonically at the November 26, 2014, trial readiness conference, but no court order was issued to facilitate his telephonic attendance. Miller filed a trial brief, exhibit and witness lists and notice of lodgment of trial exhibits before the conference date, indicating an intent to go forward with trial. Miller also filed a motion in limine, seeking the court's assistance in conducting the trial and indicating his intent to appear telephonically. However, Miller did not submit the required joint trial readiness conference report at the trial readiness conference, in violation of San Diego Superior Court Local Rule 2.1.15.

Miller did not appear at trial. The record does not describe what mechanism the court contemplated for providing Miller meaningful access at trial. The issue likely would have been discussed at the trial readiness conference, which Miller had no means to attend. Although Miller failed to file a formal request to appear telephonically at trial, as his request for telephonic appearance at the trial readiness conference was not granted, it is unclear that Miller's failure to file such request indicates a willful failure to appear, particularly in light of his prior motion in limine, seeking the court's assistance at trial.

The record here indicates that the trial court made efforts to provide Miller access to court. However, the record also shows that the difficulties of pro per litigation were magnified due to Miller's incarcerated status, with mailing delays causing significant

impediment to Miller's prosecution of his action. Of the last six hearings prior to trial, Miller attended none: in one case (the November 12, 2014, hearing) apparently due to Miller's own inaction; in two cases (the July 16, 2014, hearing and November 26, 2014, trial readiness conference) because no court order issued despite Miller's requests; in another case (the September 26, 2014, hearing) due to court error and mail delay; and in two cases due to Miller's errors and mail delay (June 20, 2014, and July 31, 2014 hearings). Despite the various difficulties Miller has faced, he has vigorously attempted to pursue his claims, in many cases through multiple failed attempts and crossed mailings. Having persevered this far, dismissal appears an inappropriate sanction for Miller's failure to appear at the trial readiness conference and trial, when no showing was made that Miller's failure to appear was deliberate. Likewise, to the extent that the dismissal was premised on delay or Miller's violation of local rules in failing to submit a joint trial readiness conference report, dismissal appears an excessive sanction, particularly as Miller was afforded no opportunity to be heard on the issue. Under these circumstances, we conclude that the trial court abused its discretion by choosing the severe punishment of dismissal.

### 3. Remand

On remand, the trial court is first directed to determine whether Miller is indigent. (*Jameson*, *supra*, 179 Cal.App.4th at p. 684, fn. 9; *Apollo*, *supra*, 167 Cal.App.4th at p. 1485; *Wantuch*, *supra*, 32 Cal.App.4th at p. 796.) The court must then "determine whether the lawsuit is a bona fide action threatening [Miller's] property interests." (*Wantuch*, at p. 796.) If the court finds that both criteria apply, it must ensure that

21

Miller's incarceration does not deprive him of meaningful access to the courts.  The trial court may exercise its discretion in how such access can be best achieved.  Miller "does not have the right to any particular remedy."  (*Wantuch*, at p. 793.)  However, it is the obligation of the court to "ensure [prison] walls do not stand in the way of affording litigants with bona fide claims the opportunity to be heard."  (*Apollo*, at p. 1487.)

DISPOSITION

The trial court's orders denying Miller's motions to compel further discovery and to deem requests for admission admitted and requesting sanctions are affirmed.  The court's dismissal of the action is reversed, and the matter is remanded for further proceedings in accordance with our directions above.


BENKE, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.