Filed 12/11/23  Riverside County Sheriff's Dept. v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RIVERSIDE COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF RIVERSIDE COUNTY,<br><br>　　　Respondent;<br><br>CHANCE WILLIAM MORRIS,<br><br>　　　Real Party in Interest. | E082406<br><br>(Super.Ct.No. SWF2300469)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Bonnie M. Dumanis, Judge.  (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition granted.

Ferguson, Praet & Sherman, and Steven A. Sherman for Petitioner.

1

No appearance for Respondent.

Steven L. Harmon, Public Defender, and Joseph J. Martinez, Deputy Public Defender, for Real Party in Interest.

## INTRODUCTION

Petitioner Riverside County Sheriff's Department (sheriff's department) seeks a writ of mandate compelling the superior court to vacate its order granting real party in interest's pretrial discovery (*Pitchess*)[1] motion and enter a new order denying the motion. After reviewing the sheriff's department's writ petition, this court invited respondent and real party in interest (Morris) to file a response. Morris filed a response conceding the sheriff's department is entitled to relief. We therefore grant the petition and issue a peremptory writ in the first instance directing the superior court to vacate its order granting Morris's *Pitchess* motion and enter a new and different order consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

In April 2023 a 911 call requesting assistance for a mentally ill adult resulted in a lengthy standoff between numerous Riverside County Sheriff's deputies and Morris. Stemming from his actions during the incident, the People charged Morris in a felony complaint with criminal threats (Pen. Code, § 422 subd. (a)), vandalism with damage of $400 or more (Pen. Code, § 594 subd. (a)), and resisting or delaying a peace officer (Pen. Code, § 148 subd. (a)(1)). October 5, 2023, Morris filed a *Pitchess* motion seeking the

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

personnel records of the investigating deputy. The motion was noticed for October 19, 2023, and served by mail with an internal postage stamp dated October 6, 2023.

On October 11, 2023, petitioner filed an opposition on grounds of timeliness and requested the trial court deny the motion on this basis. At the hearing, the trial court granted the motion finding substantial compliance with the statutory notice requirements and holding the right to effective assistance of counsel outweighed any failure to comply with notice.

### STANDARD OF REVIEW

"Writ review is appropriate when the petitioner seeks relief from a discovery order which may undermine a privilege or a right of privacy, because appellate remedies are not adequate to remedy the erroneous disclosure of information. [Citation.] Additionally, writ review of discovery orders is appropriate to establish general guidelines for the lower courts." (*California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1018-1019.) Although writ reviews of discovery orders are typically reviewed for abuse of discretion, when not reaching the merits of the discovery order, but instead evaluating the application of notice provisions to a particular case, it amounts to a question of law, and thus is reviewed de novo. (*City of Tulare v. Superior Court* (2008) 169 Cal.App.4th 373, 380.)

DISCUSSION

In 1978, the California Legislature codified the procedures by which a criminal defendant may seek to compel discovery of evidence in a law enforcement officer's personnel file through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. (*Garcia v. Superior Court* (2007) 42 Cal.4th 63, 69-70.) In enacting these procedures and protections, the Legislature sought to balance a defendant's right to a fair trial with the strong privacy interest of law enforcement officers in their personnel records. (*Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1085.) One protection the Legislature established is the notice procedure requiring "all moving and supporting papers shall be served and filed at least 16 court days before the hearing . . . [h]owever, if the notice is served by mail, the required 16-day period of notice before the hearing shall be increased by five calendar days." (Code Civ. Proc., § 1005, subd. (b).)

Here, the sheriff's department argues Morris failed to comply with the statutory notice requirement articulated in Evidence Code section 1043 and Code of Civil Procedure section 1005, subdivision (b), thus making the motion procedurally flawed and warranting denial. Morris concedes this position. As such, it is appropriate to grant the relief requested. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.) While petitioner also argues Morris failed to comply with the requirements of Evidence Code section 1046, we need not to reach this issue, as the notice requirement is dispositive.

4

## DISPOSITION

Let a peremptory writ of mandate issue, directing the respondent superior court to vacate its October 19, 2023 order granting Morris's *Pitchess* motion and enter a new and different order consistent with this opinion.  When this decision becomes final, the stay of proceedings in the trial court shall be lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

RAPHAEL

J.

5